[Crim. No. 438. First Appellate District.—October 15, 1913.]

## THE PEOPLE, Respondent, v. ROBERT BRADLEY, Appellant.

CRIMINAL LAW—HOMICIDE—SHOOTING POLICE OFFICER BY PERSON UNDER ARREST.—Where a special policeman in plain clothes arrests a man on suspicion, without force or show of force, and without revealing his identity as a peace officer, and the prisoner, while walking with the officer to the jail, suddenly turns into an alley and shoots the officer, the killing is not justified nor reduced from murder to manslaughter.

ID.—EVIDENCE — STATEMENT OF EYE WITNESS — TRANSCRIPT OF REPORTER'S NOTES.—If it is expressly stipulated at the trial for such homicide that the transcription of the shorthand notes of a statement, made to the district attorney in the presence of the defendant by an eye witness to the killing, may be read in evidence in lieu of the reporter testifying from his notes as to the interview, a motion thereafter to strike out the same as hearsay is properly denied.

ID.—MOTION TO STRIKE OUT EVIDENCE—NECESSITY OF PREVIOUS OBJECTION.—A motion to strike out evidence must be based upon an objection previously stated, if opportunity to object presented itself.

ID.—EVIDENCE—ACCUSATORY STATEMENTS MADE IN PRESENCE OF ACCUSED.—In a prosecution for homicide accusatory statements, made in the presence and hearing of the defendant by a person not called as a witness, are admissible in evidence for the single purpose of showing that the defendant's conduct in response to the accusation was not that of an innocent man, or that his statements in reply implicated him in the commission of the crime charged against him.

APPEAL from a judgment of the Superior Court of Alameda County and from an order refusing a new trial. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

T. L. Christianson, and William H. H. Gentry, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

LENNON, P. J.—The defendant in this case was charged with the crime of murder. Upon his trial he was convicted of

murder in the first degree, and subsequently sentenced to life imprisonment in the state prison. He has appealed from the judgment, and from an order denying him a new trial.

The defendant did not take the witness stand in his own behalf, and the case was submitted to the jury upon his plea of not guilty, and the evidence adduced by the people.

The facts of the case upon which the people secured a conviction are briefly as follows: On the day of the homicide, the defendant, in company with a companion, encountered the deceased, a special policeman, at the corner of East Twelfth Street and Thirteenth Avenue, in the city of Oakland. The deceased, who was in plain clothes and without any insignia of his office, halted the defendant and his companion with the command "Come here." The minor circumstances attending the meeting of the defendant and the deceased, as detailed by the companion of the defendant, need not be narrated. It will suffice to say that apparently they aroused the suspicions of the deceased as to the character of the defendant, and that a partial search of the defendant by the deceased resulted in the discovery of an ordinary head cap in the pocket of the defendant. The defendant's possession of this cap, his explanation of how he became possessed of it, and his conduct generally evidently confirmed the suspicion existing in the mind of the deceased which undoubtedly had impelled him to hail and halt the defendant in the first instance. Finally, the deceased said to the defendant, "You are under arrest," or "Come with me to the lock-up." The defendant at first submitted to arrest, and proceeded quietly with the deceased for a short distance, until they came to an alley, whereupon the defendant suddenly turned into the alley and immediately cried out to the deceased, "Come on and have it out." Without more ado the defendant fired two shots from a revolver at the deceased, both of which struck the deceased and killed him instantly. The search of the defendant was accomplished by the deceased without resorting to any more force than was necessary to unbutton the coat of the defendant; and the evidence before us does not disclose that the deceased at any time before, during, or after the arrest resorted to even a display of his club or pistol for the purpose of enforcing his authority or preventing the escape of the defendant.

The defendant fled from the scene of the crime, and was not apprehended until several months later. At the time of his arrest the defendant endeavored surreptitiously to rid himself of a loaded revolver, which was subsequently shown to be the weapon with which he killed the deceased.

We are satisfied that the evidence is amply sufficient to support the verdict of the jury finding the defendant guilty of a willful and malicious murder. Not even the semblance of a legal excuse is shown for the killing of the deceased. It may be conceded that the evidence does not show that the arrest of the defendant was authorized, and that, therefore, it was a trespass against the person of the defendant, which might have been rightfully resisted with the same degree of force employed in making the arrest. The evidence, however, affirmatively shows that no force or show of force was resorted to by the deceased at any time. The mere fact that the deceased failed to reveal his identity as a peace officer, and the further fact that the arrest was apparently unauthorized and not made in strict accord with the forms required by law, may have justified the defendant in breaking the arrest, but such facts alone were wholly inadequate either to justify the killing of the deceased or to reduce such killing from murder to manslaughter. (*People* v. *Pool,* 27 Cal. 573; *Keady* v. *People,* 32 Colo. 57, [66 L. R. A. 353, 74 Pac. 893].)

It is insisted that the trial court erred to the prejudice of the defendant in permitting one Milton Schwartz, a stenographic reporter, to read as a witness for the people a transcription of his shorthand notes of a statement made to the district attorney in the presence of the defendant by one John H. Rector, who was an eye-witness to the killing of the deceased but who was not called as a witness at the trial. Immediately after the witness Schwartz was sworn, the district attorney announced that it was his purpose to show by this witness that the defendant, in response to the statement of Rector, had admitted killing the deceased. No objection was interposed at any time to the testimony of the witness Schwartz, or to the reading by him of the transcription of his shorthand notes of what was said and done by Rector and the defendant at the interview of Rector in the office of the district attorney. In fact, counsel for the defendant was the first to suggest and stipulate that the witness Schwartz might

read from his transcription, in lieu of testifying, from his notes of that interview. The sum and substance of Schwartz's testimony was that Rector had stated in the presence of the defendant that he, Rector, had seen the defendant fire two shots from a revolver into the body of deceased; that the defendant did not deny the accusation that he had fired the shots which killed the deceased, but did request and was granted permission to question Rector, and thereupon asked, among other questions, the following: ''Can you say how far back in the alley I was when I shot him?''

When the witness Schwartz had concluded the reading of his shorthand notes counsel for the defendant moved the trial court to strike out all that was narrated by the witness upon the ground in effect that the testimony of the witness, in so far as it purported to narrate the statements of Rector, was hearsay, and that the question put by the defendant to Rector could not be construed as an admission of guilt.

The motion to strike out was denied; and when stating its reasons for the ruling the trial court practically charged the jury that the statement of Rector as detailed by the witness Schwartz was admissible only for the purpose of showing ''the conduct of the defendant upon those statements being made in his presence . . . to show the conduct of the defendant with reference to the statements . . . and what he had to say.''

The motion to strike out was properly denied. A motion to strike out evidence must be based upon an objection previously stated (*People* v. *Long,* 43 Cal. 444). This, of course, assumes that an opportunity to object presented itself, as it did in the present case. The record before us shows that counsel for the defendant not only failed in the presence of ample opportunity to object to the testimony now complained of, but expressly stipulated that it might be received for the purpose for which it was offered. For these reasons alone the defendant will not now be heard to complain of the ruling denying the motion to strike out. But apart from these considerations the statement of Rector, even though it was in part hearsay, was admissible under the exception to the general rule which permits in evidence accusatory statements made in the presence and hearing of the defendant by a person not called as a witness, for the single purpose of

showing that the defendant's conduct in response to the accusation was not that of an innocent man, or that his statements in reply implicated him in the commission of the crime charged against him. (*People* v. *Teshara,* 134 Cal. 542, [66 Pac. 798]; *People* v. *Philbon,* 138 Cal. 530, [71 Pac. 650]; *People* v. *Weber,* 149 Cal. 325, [86 Pac. 671].)

Counsel for the defendant contends that the question put to Rector by the defendant was not an unequivocal admission of guilt and was susceptible of a different construction. This is but an argument against the weight of the evidence rather than its admissibility; and it was for the jury to determine whether or not under all of the circumstances the language of the question involved an admission of guilt.

We have examined the other points made in support of the appeal. They are not well taken, and are not of sufficient merit to warrant a discussion of them.

The judgment and order appealed from are affirmed.

Kerrigan, J., and Richards, J., concurred.