[Crim. No. 939. Second Appellate District, Division Two.—May 15, 1923.]

THE PEOPLE, Respondent, v. JOHN SHELEST, Appellant.

[1] CRIMINAL LAW — MURDER — STATEMENTS OF CO-CONSPIRATORS — SILENCE OF DEFENDANT — ADMISSIONS — EVIDENCE.—In a prosecution for murder the statement of two other men charged jointly with defendant, made in the presence and within the hearing of defendant after the crime was committed, and implicating defendant therein, together with evidence of defendant's silence notwithstanding the making of such statement, is admissible, not as a statement of a co-conspirator, but because the conduct of defendant was relevant as an admission of guilt when accused of sharing in the crime; and the fact that defendant was under arrest when the statement was made does not render it any less admissible.

[2] ID.—IMPLIED ADMISSION — WEIGHT. — An implied admission may have as much weight as one made in express terms, and what evidentiary value shall be given to either in any case is a matter for the jury to determine.

---

1. Silence of accused on statement made in his presence, as confession, notes, 4 Ann. Cas. 1042; 12 Ann. Cas. 875; Ann. Cas. 1913C, 240; 25 L. R. A. (N. S.) 543.

[3] ID.—CONFESSION OF CO-CONSPIRATOR—INSTRUCTIONS.—In a prosecution for murder in which defendant and two other men are jointly charged with the crime, defendant is not injured by an instruction that "A conspirator having confessed, it is competent to prove admissions and declarations made by him to a co-conspirator, as tending to corroborate the proof of confession and establish the fact confessed," where no witness testified to a confession by defendant, and as it was received the trial court expressly limited the testimony concerning the confessions made by the other two men to the case against one of them.

[4] ID.—DECLARATIONS OF CO-CONSPIRATORS — EVIDENCE — ERRONEOUS INSTRUCTIONS.—In such a prosecution, a requested instruction that all acts and declarations of defendant's co-conspirators not made in the presence of defendant and not affirmed by defendant are not to be considered as evidence against defendant is properly refused.

[5] ID. — NEW TRIAL — NEWLY DISCOVERED EVIDENCE — FAILURE TO HAVE WITNESS TESTIFY.—In such a prosecution a motion for a new trial upon the ground of alleged newly discovered evidence is properly denied where the basis of the claim is an affidavit made by one of defendant's co-conspirators who was present in court at the time of the trial and no formal attempt was made to have him testify.

APPEAL from a judgment of the Superior Court of Los Angeles County. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ford & Bodkin for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

CRAIG, J.—John Shelest was indicted jointly with Adam Blaszyk and Valentine Radecki for the crime of murder. After a trial Shelest was convicted. The penalty was fixed at life imprisonment and from the judgment duly pronounced by the court and an order denying him a new trial he appeals. The general ground relied upon for a reversal is that the evidence is insufficient to sustain the verdict in that it does not connect him with the commission of the crime except through a certain statement which it is claimed was improperly received.

It appears that Nancy Wheelock, the proprietress of a lodging-house in Los Angeles, was murdered through strangulation on the afternoon of April 29, 1922. The evidence intended to connect Shelest with the commission of the crime other than the statement to which reference has been made was as follows: Evelyn Shellhouse, who lived in the rooming-house, testified that Blaszyk and Radecki and herself occupied an apartment together; that Shelest did not live at the house, but called to see Blaszyk and Radecki several times, but that the robbery of Mrs. Wheelock was not discussed when he was present. Shelest was arrested about midnight on April 30, 1922, and denied that he knew either of his codefendants, or Mrs. Shellhouse, or that he had ever been at their apartment. Officer Bean, a witness called by the people, testified that Shelest told him that he saw Blaszyk and Radecki hit Mrs. Wheelock. Shelest lived in a house conducted by Mrs. Saragosa. Officer Cline testified that when arrested Shelest stated that on April 29th he came down-town about 1:30 in the afternoon and went to the office of the Motor Transit Company and returned to his home at 3:30 P. M.; that he remained there all of that afternoon; that he had dinner about 6 o'clock, and being accompanied by Mrs. Saragosa, went down-town and attended a show, after which he returned to his home and remained there the rest of the night. Mrs. Saragosa testified that Shelest was at her residence on the afternoon of the 29th up to 2:30 P. M.; that he left at that time and did not return until 8 o'clock that evening; Mrs. Stewart, who is Mrs. Saragosa's mother, corroborated this evidence. When arrested and at the time Shelest said he did not know his codefendant, Officer Cline took a piece of paper from the person of the appellant upon which appeared the name of Adam Ward, an *alias* used by Radecki, and asked him if he wrote the name and if he did not know Radecki and Blaszyk, to which Cline testified appellant would make no answer. Soon after Blaszyk and Radecki were brought into the room where Shelest was and he refused to say anything.

On May 2, 1922, a statement was taken in the presence and within the hearing of Shelest and made by Blaszyk and Radecki which they, later, signed. It appears that the officers addressed themselves to Blaszyk and Radecki exclu-

sively, and did not ask Shelest whether what his codefendants said was true or false. Previous to the taking of this statement, Officer Bean had said to Shelest, while the latter was under arrest, "We know you. Boy, you are not telling the truth." The statement which was signed by Blaszyk and Radecki admittedly connected Shelest directly with the murder. It is unnecessary to quote it in full, but the essentials of it were, Blaszyk and Radecki doing the talking, that Radecki knocked on Mrs. Wheelock's door and told her to read the gas-meter; that she then came into their room where Blaszyk, *alias* Ward, was waiting with a towel, which Radecki took and put over the woman's face, and Blaszyk grabbed her person. At this time Shelest knocked at the door and said, "Open the door." He was let in, and he asked, "What is the matter?" Blaszyk answered: "We pretty near killed the old lady," and Shelest replied: "All right, all right." Shelest suggested to Blaszyk that "he tie the handkerchief," which Blaszyk did, around her neck. Shelest searched Mrs. Wheelock's trunk. Blaszyk and Radecki took her to her own room and laid her on a couch. They secured a few cents in silver from her pocketbook and took some jewelry. They then, just before half-past 3 in the afternoon, left Mrs. Wheelock's place and checked a suitcase at a checking station, Shelest accompanying the other two. Blaszyk and Shelest went to a toilet, looked over some books they had taken, and threw a check and nearly everything they had secured away. Shelest threw some of the stuff on top. They then secured a room, Shelest taking part in the negotiations in the rooming-house. Later he left the others. Shelest took a ring that had been taken from Mrs. Wheelock.

In the course of this statement Shelest's codefendants said that prior to the murder he had suggested that they rob somebody, and had discussed robbing Mrs. Wheelock. [1] Appellant contends that this statement made by Blaszyk and Radecki was erroneously admitted in evidence because the statement of one conspirator cannot be used as against his co-conspirators when it is made after the conspiracy has been carried out or unless its making is in some way in furtherance of the conspiracy; also it is insisted that no conspiracy was shown to exist in this instance except by the statements of Blaszyk and Radecki.

The evidence objected to was clearly admissible, not as a statement of a co-conspirator, but because the conduct of the defendant was relevant as an admission of guilt when accused of sharing in the crime. The jury might well believe that no innocent man would remain silent when accused of participation in such atrocious conduct. Silence under these circumstances may always be proved. (*People* v. *Amaya,* 134 Cal. 531 [66 Pac. 794] ; *People* v. *Philbon,* 138 Cal. 530 [71 Pac. 650; *People* v. *Bradley,* 23 Cal. App. 44 [136 Pac. 955] ; *People* v. *Ayhens,* 16 Cal. App. 618 [117 Pac. 789].) Of course, the statements made by Radecki and Blaszyk could not be received except to explain and aid the jury in construing the defendant's conduct. The fact that the defendant was under arrest when the statement was made does not render it any less admissible. (*People* v. *Amaya, supra; People* v. *Schoon,* 177 Cal. 678 [171 Pac. 680] ; *People* v. *Byrne,* 160 Cal. 217 [116 Pac. 521] ; *People* v. *McCrea,* 32 Cal. 98; *People* v. *Estrado,* 49 Cal. 171; *People* v. *Ah Yute,* 53 Cal. 613.)

[2] An implied admission may have as much weight as one made in express terms, and what evidentiary value shall be given to either in any case is a matter for the jury to determine. We think the entire evidence warranted the verdict of guilty which was rendered. [3] The following instruction was given by the court, and appellant contends this constituted prejudicial error. "A conspirator having confessed, it is competent to prove admissions and declarations made by him to a co-conspirator, as tending to corroborate the proof of confession and establish the fact confessed." Inasmuch as no confession was introduced except those of Blaszyk and Radecki, it cannot be assumed that the jury regarded this instruction as having any application to Shelest. No witness testified to a confession by him and as it was received the trial court expressly limited the testimony concerning the confessions of Blaszyk and Radecki to the People's case against Blaszyk. Under the circumstances it is not conceivable that Shelest could have been injured by it.

[4] Appellant insists that the court committed error in refusing to give the following instruction requested by him: "You are instructed that no acts or declarations of the defendants Adam Blaszyk and Valentine Radecki, not made

in the presence of the defendant John Shelest and not affirmed by him, are to be considered as evidence against the defendant John Shelest.'' This instruction was properly refused. If a conspiracy was shown to exist between Blaszyk and Radecki and Shelest to take the life of Mrs. Wheelock, acts and declarations of Blaszyk or Radecki in furtherance of the conspiracy would be evidence against Shelest. The instruction would exclude all acts and declarations of the other conspirators unless made in the presence of Shelest or affirmed by him. This is not the law.

[5] It is urged that the motion for a new trial should have been granted and that its denial was reversible error. This motion was founded upon alleged newly discovered evidence. The basis of this claim is that Shelest's codefendant Blaszyk, subsequent to the trial, made an affidavit to the effect that it is not true that Shelest told him to tie the handkerchief around Mrs. Wheelock's neck, nor was he present when this was done, and that Radecki had told Blaszyk that Shelest told him, Blaszyk, to tie the handkerchief. Blaszyk was present in court at the time of the trial. No formal attempt was made to have him testify. Blaszyk and Shelest were represented by different counsel and it is claimed that Blaszyk's attorney informed appellant's counsel that the latter would not testify. However, no subpoena was issued for Blaszyk, nor was he asked to take the stand during the trial, although continually in the courtroom. Under these circumstances, we think the trial court properly denied the motion for a new trial.

The judgment and order are affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 12, 1923.