[Crim. No. 1209.   Second Appellate District, Division Two.—September 14, 1925.]

THE PEOPLE, Respondent, v. RAYMOND R. REMINGTON, Appellant.

[1] CRIMINAL LAW—PARTIES—SEVERANCE—DISCRETION OF TRIAL COURT. Where two persons are jointly charged with a crime, the fact that it is brought to the attention of the court in an appropriate legal manner, as by affidavit duly presented before trial, that the prosecution will adduce evidence of declarations made by one of the accused which are not admissible as to the other, does not render it an abuse of discretion to deny the latter a separate trial.

[2] ID.—ROBBERY—MISCONDUCT OF DISTRICT ATTORNEY—FORM OF QUESTIONS—BAD FAITH—INSTRUCTIONS.—In this prosecution for robbery, the district attorney was not guilty of misconduct justifying a reversal of the judgment of conviction in asking a certain question, to which the court sustained defendant's objection upon the ground that it was too broad, whereupon he reframed the question to accord with the court's views, or in thereafter asking another question cognate to the former, to which the court sustained an objection in the form in which it was asked, where

1.   See 8 Cal. Jur. 194; 8 R. C. L. 168.
2.   See 8 Cal. Jur. 256.

*it did* not appear that the district attorney was acting in bad faith or that the questions were asked for the wanton purpose of raising a prejudice against defendant, and in giving its charge to the jurors the court instructed them that, "If counsel has intimated by questions which the court has not permitted to be answered that certain things are or are not true, you must disregard such questions and refrain from any inference based upon them."

[3] ID. — SURREBUTTAL — EVIDENCE. — On surrebuttal the defendant in a criminal action is entitled to rebut only *new* matter educed by the people.

[4] ID.—REJECTION OF SURREBUTTAL EVIDENCE—ABSENCE OF PREJUDICE.—In this prosecution for robbery, the evidence of defendant's guilt was so nearly, if not entirely, conclusive that any error of the trial court in rejecting his testimony, offered in surrebuttal, as to the presence of a sore or scab on his face on a certain date previous to the crime, did not and could not result in a miscarriage of justice, and, therefore, in view of the provisions of section 4½ of article VI of the constitution, did not justify the appellate court in ordering a reversal.

[5] ID.—INSTRUCTIONS—OMISSION OF ESSENTIAL ELEMENTS—EVIDENCE. An instruction which is incorrect or insufficient as an abstract or general proposition may not be erroneous or injurious when considered in connection with the particular case and the facts to which it relates; and if it appear that under the evidence which the jurors are to take into consideration they necessarily must have found the existence of that element of guilt which the instruction fails specifically to mention, the omission to directly charge respecting it cannot be said to have been prejudicial to the accused.

[6] ID.—OWNERSHIP OF MONEY—EVIDENCE—INSTRUCTIONS.—In a prosecution for the robbery of a bank, where there is no claim that any part of the money taken was the property of defendant, and the uncontradicted facts show beyond doubt that it was the bank's money, the jury must necessarily find that the money taken was not the property of the defendant, and the defendant cannot be prejudiced by the giving of an instruction which, in enumerating the facts which will warrant a conviction, fails to include as an essential ingredient of guilt that the money was not the property of defendant.

---

(1) 16 C. J., p. 788, n. 9.   (2) 16 C. J., p. 917, n. 67, p. 919, n. 72.   (3) 16 C. J., p. 868, n. 38.   (4) 17 C. J., p. 368, n. 5.   (5) 17 C. J., p. 342, n. 94.   (6) 17 C. J., p. 344, n. 36 New.

3.  See 8 Cal. Jur. 238; 26 R. C. L. 1042.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Perky, McConnell & Hill for Appellant.

U. S. Webb, Attorney-General, Erwin W. Widney, Deputy Attorney-General, and Hamish B. Eddie for Respondent.

FINLAYSON, P. J.—The appellant Remington and one Shevlin were jointly charged with the crime of robbery. Remington, who was found guilty as charged, appeals from the judgment of conviction and likewise from an order denying him a new trial.

It is charged in the indictment that the two defendants, armed with a pistol, a dangerous and deadly weapon, feloniously and through the use of force and fear took from the possession and immediate presence of one P. N. Fox the sum of $6,373, lawful money of the United States, which belonged to the First National Bank of Watts. The robbery, which seemingly is conceded to have been committed by someone, was perpetrated in the vault of the bank on August 29, 1924. Remington denied that he was the robber or that he had aught to do with the crime, and sought to prove an alibi. He was, however, positively identified as the robber by two of the bank's employees—Fox, the assistant cashier, and one H. F. Logan. That both of these witnesses had ample opportunity to become familiar with Remington's general appearance and identifying marks, if any, is shown by the following circumstances to which they testified: Two days prior to the robbery, at about the hour for closing the bank, Remington called and asked for the cashier. He pretended to be a reporter for a Los Angeles newspaper, and said that he had information that the bank was to be "held up" and that he was there to get a "scoop" for his paper. On the morning of the following day, at about 9:30 o'clock, Remington returned to the bank and asked Fox if he had left a brief-case in the bank when he was there the day before. On the same day Remington again called at the bank, at about the hour of noon, and pretended to call a

newspaper office on the telephone. He talked to Fox upon this occasion. Later on that day Remington returned and again pretended to call the newspaper on the telephone. At the hour for closing the bank Fox and Logan left the building, accompanied by Remington and Shevlin, the latter having come into the bank a few minutes previously. On the third day, the date of the robbery, as Fox and Logan were preparing to close the place and while Fox was setting the time-lock and Logan was carrying books into the vault, Remington appeared, drew two pistols, pointed them at the two bank employees and compelled them to enter the vault, where he tied them with heavy cords. While Fox and Logan were thus helpless Remington took from the vault the sum of $6,373 and made his escape. There is other evidence in the record besides that of the two bank employees tending to show that Remington was the robber who rifled the vault and stole the bank's money.

At the time of his arraignment and again just prior to the commencement of the trial Remington demanded that he be tried separately. In support of his motion for a severance he presented an affidavit by his attorney to the effect that his codefendant had made statements to the arresting officers implicating him in the commission of the robbery. The request for a separate trial was denied.

[1] Appellant's first point is that where two persons are jointly charged with a crime and it is brought to the attention of the court in an appropriate legal manner, as, for example, by affidavit duly presented before trial, that the prosecution will adduce evidence of declarations made by one of the accused which are not admissible as to the other, it is an abuse of discretion to deny the latter a separate trial. The point is not well taken. The question was considered by our supreme court in the recent case of *People* v. *Perry*, 195 Cal. 623 [234 Pac. 890], and was there disposed of adversely to appellant's contention.

[2] It next is urged that the district attorney was guilty of misconduct in asking of appellant during his cross-examination certain questions which it is claimed were improper and prejudicial. To the first of the questions thus asked the court sustained an objection upon the ground that it was too broad. Whereupon the district attorney reframed his question to accord with the court's views. Later on in

the cross-examination the district attorney propounded another question cognate to the one first asked, but differing from it in certain important particulars. The court sustained an objection to this question in the form in which it was asked. When giving its charge to the jurors the trial court instructed them as follows: "If counsel has intimated by questions which the court has not permitted to be answered that certain things are or are not true, you must disregard such questions and refrain from any inference based upon them."

It does not appear that by asking the questions the prosecuting officer contumaciously sought to get before the jury incompetent evidence knowing it to be inadmissible. There is nothing in the record to indicate bad faith or that the questions were asked for the wanton purpose of raising a prejudice against appellant. *People* v. *Wells,* 100 Cal. 459 [34 Pac. 1078]—a case upon which appellant seems to place much reliance—was an exceptional one in its facts. It was an aggravated case, in which the court evidently believed that the public prosecutor had wantonly and repeatedly transcended the limits of a fair investigation with the object of prejudicing the rights of the defendant and poisoning the minds of the jurors. The case here is very different. There is no reason to believe that the district attorney harbored a desire or a design to do appellant a wanton injustice. As we had occasion to say in *People* v. *Peete,* 54 Cal. App. 369 [202 Pac. 67]: "It frequently happens that in the heat of a trial counsel ask improper questions. But judgments cannot be reversed for an inadvertence of this character, unless, from an examination of the record, we may be of the opinion that it has caused a miscarriage of justice. In view of the court's prompt rulings and instructions to disregard the questions, which it will be presumed were heeded by the jury, it cannot be said that defendant's cause suffered by reason of anything contained in these questions, however improper they may have been."

Appellant assigns as error the refusal of the trial court to permit him to introduce surrebuttal testimony. It seems that a witness for the People, one of the two bank employees, testified, while the prosecution was putting in its case in chief, that upon the occasion when he first saw appellant in the bank prior to the robbery the latter had no marks or

scars upon his face. It will be recalled that appellant's first visit to the bank, according to the testimony of the People's witnesses, was on August 27, 1924. Appellant took the stand as a witness in his own behalf, and in response to his counsel's questioning testified that he was cut on the nose by flying glass during an automobile accident on August 11, 1924—sixteen days prior to the time when the bank employees testified that they first saw him. He also testified that on the twenty-seventh, twenty-eighth and twenty-ninth days of August, i. e., on the day of the robbery and on the two preceding days, a scab over the healing cut was still on his nose. When putting in its rebuttal the prosecution adduced the testimony of two witnesses who testified that they saw appellant on the 25th of June preceding the robbery and that at that time he had a sore on his nose covered by a piece of plaster or cotton. By this testimony it evidently was the purpose of the prosecution to afford a basis for the inference that the injury to appellant's nose did not occur on August 11th, as testified to by him, but at some time prior to June 25th, and that therefore, the scab resulting therefrom had had time to disappear when he was seen by the bank employees on the twenty-seventh, twenty-eighth and twenty-ninth days of August. At the close of the prosecution's evidence appellant's counsel offered to call his client in surrebuttal to testify that on June 25th he had no sore or scab on his face. The court refused to permit the offered evidence to be introduced.

[3] On surrebuttal the defendant in a criminal action is entitled to rebut only *new* matter educed by the People. If the evidence which appellant offered as surrebuttal may be deemed to be such, it was so in only a limited and extremely technical sense; for the evidence which the witnesses for the prosecution gave on rebuttal can be regarded as new and substantive testimony in only a literal and not a substantial sense. It tended merely to contradict appellant's testimony that his nose had a scab upon it on the twenty-seventh, twenty-eighth and twenty-ninth days of August. Its purpose and effect was, instead of denying appellant's testimony directly, to deny it indirectly. As was said in *People v. Hill*, 116 Cal. 566 [48 Pac. 711]: "It was only the *method* of meeting defendant's evidence, and not the matter which was new or different."

[4] But conceding that the testimony offered by appellant was proper surrebuttal, nevertheless its rejection does not warrant a reversal. By a careful examination and consideration of the record before us we have been irresistibly constrained to the conclusion that the evidence of appellant's guilt is so nearly, if not entirely, conclusive that the error in rejecting the offered surrebuttal, if error it be, did not and could not result in a miscarriage of justice, and, therefore, in view of the provisions of section 4½ of article VI of the constitution we would not be justified in ordering a reversal.

Finally, it is claimed that error was committed in giving an instruction wherein the court undertook to state the facts which, if found to exist, would warrant a conviction. It is claimed that in its enumeration of the circumstances which would justify a conviction the court failed to include an essential ingredient of guilt, namely, that the money was not the property of the accused. It does not necessarily follow that prejudicial error was committed simply because the instruction is lacking in this particular. [5] An instruction which is incorrect or insufficient as an abstract or general proposition may not be erroneous or injurious when considered in connection with the particular case and the facts to which it relates. If it appears that under the evidence which the jurors are to take into consideration they necessarily must have found the existence of that element of guilt which the instruction fails specifically to mention, then the omission to directly charge respecting it cannot be said to have been prejudicial to the accused. (*People* v. *Morine,* 138 Cal. 631 [72 Pac. 166]; *People* v. *Whalen,* 154 Cal. 475 [98 Pac. 194]; *People* v. *Lee Nam Chin,* 166 Cal. 573, 574 [137 Pac. 917]; 8 Cal. Jur., p. 634.) [6] Here the jury necessarily must have found that the money taken by appellant was not his property. Never for one instant was he so bold as to claim that any part of the $6,373 was his; nor could he consistently do so in the light of the uncontradicted facts, which show beyond the shadow of a doubt that it was the bank's money. As men of ordinary intelligence and common sense the jurors must have known that they would not be warranted in convicting appellant if the money taken by him was his own. For these reasons the court's failure to mention this fact in its enumeration of the circum-

stances which would warrant a conviction could not possibly have prejudiced appellant.

The judgment and the order appealed from are affirmed.

Works, J., and Craig, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 17, 1925.