[Crim. No. 1332. First Appellate District, Division Two.—September 28, 1927.]

THE PEOPLE, Respondent, v. WILLIAM FINLEY, Appellant.

E. H. Lomasney for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

KOFORD, P. J.—This is an appeal from a judgment of conviction of the crime of robbery. The evidence showed that the appellant entered the grocery store of Salvatore Turco in San Francisco and by means of threats with a gun robbed Turco's person and his cash drawer and also the person of Charles A. Prince, who happened to be in the store at the time. Appellant's co-defendant Webb sat in an automobile outside the store in aid of appellant during the robbery. Both defendants were jointly tried and were both convicted, but only Finley has appealed. A few days after this robbery Special Police Officer Green saw Webb at an oil station with a gun in his hand. The circumstances indicated that he was about to commit robbery. After a violent struggle for possession of this gun in which Webb was severely beaten, he was placed under arrest. From statements and a confession made by him the arrest of appellant followed.

The prosecuting witnesses, Turco and Prince, identified appellant as the robber, first at the police headquarters and later in court. One of the identifying witnesses who at first testified that appellant wore a cap at the time of the robbery was afterward permitted to resume the witness-stand and testify that it was a hat and not a cap that was worn.

The other identifying witness testified that appellant wore a hat. There was no error in allowing the witness to correct or change his testimony. This was a matter for the jury to take into consideration. Evidently they were satisfied with the identification made of the appellant by the witnesses.

Testimony of Webb's statements and confession were received in evidence at the trial, but by objection and ruling were limited to defendant Webb alone. Appellant makes some strictures on the voluntary character of the confession and upon the references made by the district attorney to Webb's attempted robbery of the oil station. These points were not preserved by proper objection or assignment by either defendant, and even if they had been so preserved and thus made available to defendant Webb, they were not in any event injurious to appellant Finley.

The judgment and order denying a new trial are affirmed.

Sturtevant, J., and Nourse, J., concurred.