[Crim. No. 2546. Second Appellate District, Division Two.—December 10, 1934.]

THE PEOPLE, Respondent, v. HARRY O. VOILER et al., Defendants; EDWARD FRIEDMAN, Appellant.

William J. Clark and Nathan M. Dicker for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

SCOTT, J., *pro tem.*—Two indictments were returned against defendant Friedman charging two separate offenses of robbery, and were consolidated for trial. He was convicted by a jury of robbery in the second degree as to each offense. From judgment of conviction and order denying motion for new trial as to each charge said defendant appeals.

Each indictment is alleged to be deficient in one respect, although conceded to be sufficient otherwise. Appellant urges that in a charge of robbery it is necessary to include "allegations from which it can be ascertained that the property alleged to have been taken was not the property of this appellant". The indictments were sufficient under the authority of *People* v. *Covington,* 1 Cal. (2d) 316 [34 Pac. (2d) 1019].

The first indictment charged appellant and two co-defendants, Voiler and Cohen, with robbing one Mae West on September 28, 1932, taking from her money and jewelry

valued at $15,400. The second indictment charged appellant and Cohen with robbing one A. Brown of $220 on or about September 21, 1931.

The evidence indicates that about 7 o'clock on the evening of the West robbery the complaining witness was seated next to defendant Voiler in the front seat of a parked sedan. A man came up to the car, opened the right-hand door and said, "this is a stick-up". He pointed something resembling a gun at the occupants and took a purse and jewelry, speaking several sentences to them during the operation. He wore no mask and had a lighted cigarette in his mouth. The complaining witness observed his eyes, part of his nose and the center of his face. She also observed his height and size, and that his hand was heavy and rather stout. Pursuant to a telepone call a few days later the purse was recovered but not the money or valuables. A year later, on Thanksgiving night, 1933, appellant was brought out by officers to the spot where the offense was committed and was there recognized by the complaining witness. Appellant explained that Voiler had planned the holdup and that he, appellant, had done it and said he was sorry. While in the custody of the officers appellant made a confession as to the essential elements of the crime charged. There was a sharp conflict in testimony as to whether Friedman had been subjected to a beating for the purpose of inducing him to make such a statement, but it appears from the record that the court and jury probably concluded that the bruises complained of were received when appellant resisted arrest and not otherwise, and that the confession was voluntarily made and not induced by force or threats. The trial court's error in not admitting evidence offered on *voir dire* in opposition to the statement before ruling on its admissibility does not appear to have been prejudicial. (*People* v. *Eli*, 131 Cal. App. 482 [21 Pac. (2d) 654].)

In support of the indictment charging robbery of Brown, the latter testified that he had been held up by two men whom he did not see, and that appellant later accosted him and suggested that they be friends and that he would return to Brown the money he had taken from him. Appellant also admitted to the officers the robbery of Brown, giving the details of this offense.

When called as a witness appellant declared that testimony of certain officers as to his statements was a "lot

of lies''. On cross-examination he said that the charge of untruthfulness ''goes from the top to the bottom of this whole case, that is, from the time I was arrested until I went to the grand jury, and right to the time that I am on the witness stand right now''. He was asked, ''Are you telling the truth now, or were you telling the truth before the grand jury?'' to which he replied, ''I am telling the truth now and I was not telling the truth at the grand jury.'' The last question, although now complained of as an invasion of appellant's constitutional right to not be a witness against himself, was in substance proper cross-examination of him.

 On cross-examination of the district attorney, who was called as a witness, counsel for appellant asked certain questions which might have tended to elicit answers showing that the witness had bias against the defendant Voiler. Also, the complaining witness was asked on cross-examination: ''Now Miss West, I take it that you yourself did not stage this holdup for publicity purposes, did you?'' Objections to these questions and to many others during the trial were sustained. The record indicates that such matters as counsel properly sought to present to the jury for their consideration were fully covered and that the omissions complained of were not material.

 Voluminous instructions were offered by appellant at the conclusion of the trial and certain of them were refused by the court. The court fully and clearly instructed the jury on all of the essential legal principles applicable to the case, and there is nothing to indicate that they were confused or misled by the charge.

 Alleged acts of misconduct by the deputy district attorney and by the court are urged as grounds for reversal. It appears needless to discuss them in detail. In one instance the witness Brown, who testified on cross-examination that he had seen appellant with one Eddie Rollins, was asked on redirect examination by the prosecutor: ''You know, do you not, Mr. Brown, that Eddie Rollins is a gangster?'' Defense counsel interposed: ''Just a moment. Well, I will not object. The Court: The court will interpose an objection.'' Thereupon the asking of the question was cited by appellant as misconduct. The court promptly admonished the jury to disregard the remarks of counsel and questions to which objections were sustained, and told

the jurors that he had interposed an objection to the question. The question was never answered. ■ A witness for the People improperly referred to appellant, who was a clerk in a gambling house, as a gunman, racketeer and gangster, and in his argument the prosecutor referred to this characterization of appellant by the witness. The trial court should have excluded this testimony and in this way averted this error. Under the case of *People* v. *Burke,* 18 Cal. App. 72 [122 Pac. 435], however, it appears to us that the conduct complained of does not constitute grounds for reversal.

■ An examination of the record convinces us that the errors there observed were in most instances the inevitable incidents of a protracted trial in which the intemperate language used at times by counsel and witnesses for the People was the result of exasperation induced, perhaps unintentionally, by the other side. The guilt of appellant was clearly established by the evidence, and there is no reason to assume that the jury would have reached any different conclusion under the most tranquil and decorous circumstances. While in no sense condoning or approving irregularities such as the record discloses on the part of appellant as well as the prosecution (*People* v. *Ho Kim You,* 24 Cal. App. 451 [141 Pac. 950]), we conclude that under section 4½ of article VI of the Constitution of California the judgment must be affirmed, since it is clearly apparent that there was no miscarriage of justice.

Judgment and order affirmed.

Stephens, P. J., concurred.

Crail, J., concurred in the decision.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 20, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 9, 1935.