[Crim. No. 1911.   Third Dist.   Nov. 13, 1945.]

THE PEOPLE, Respondent, v. ERNEST WADE et al., Defendants; WILLIE JAMES GOOLSBY, Appellant.

Irving D. Gibson for Appellant.

Robert W. Kenny, Attorney General, and James O. Reavis, Deputy Attorney General, for Respondent.

PEEK, J.—Appellant and defendant Wade were tried jointly before a jury on an information charging robbery in the first degree. Both were found guilty as charged. From the judgments of conviction and from the orders denying their motions for a new trial the appellant alone prosecutes this appeal.

The pertinent evidence disclosed by the record may be summarized as follows:

On the night of November 15, 1944, in accordance with a preconceived plan, appellant and his codefendant Wade, together with a third man known as "Slim" or "Red Burton," entered a drug store in the city of Sacramento, with the intention of committing robbery. At the time of their entrance the proprietor, Frank Farrelly, was in the rear of the store arranging stock, and a clerk named Cesar Mondagna was in the front of the store. While Wade menaced Mondagna with a revolver, appellant tied up the latter with a cord which appellant had brought along apparently for this purpose. When Farrelly, hearing a commotion, came out to the front of the store, Wade turned the gun upon him, compelling him to remove a diamond signet ring from his finger and taking his wallet containing $110 from his pocket. Farrelly was then forced to open the cash register from which Wade took approximately $180. During this time appellant had taken Mondagna to the rear of the store, out of sight of possible customers. Within an hour after the robbery appellant and Wade were picked up in a pool hall and placed under arrest. After they had been driven to Farrelly's home for identification the victim's ring was found under the seat which they had occupied in the police car. In a hotel room which appellant and Wade previously had rented was found a revolver identified as the one used in the commission of the offense; and in

the room of another hotel where the men had been staying during the preceding week, police officers found the holster and overalls worn by Wade at the time of the robbery.

On two occasions, once to the police officers and again in a formal statement made before the deputy district attorney, appellant admitted complicity in the robbery, insisting, however, that he had expected the affair to be a strong-arm holdup without the use of a deadly or dangerous weapon. Additional evidence of appellant's participation in the crime was furnished by Wade at the preliminary examination before the committing magistrate.

Appellant has made thirteen separate assignments of error, the first being that the evidence is insufficient to sustain the information. We find no merit in such contention.

On the question of the sufficiency of the evidence to sustain the charge or the conviction or the judgment denying a motion for a new trial, the general rules by which appellate courts are governed are so firmly established and so well defined that before it may be said that a case is without their purview, it must appear clearly and beyond a reasonable doubt that the evidence fails to meet the test of sufficiency which those rules prescribe—in other words "that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below." (*People* v. *Tom Woo,* 181 Cal. 315, 326 [184 P. 389].) It is not enough that the "circumstances might also reasonably be reconciled with the innocence of the defendant" (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]), or that "the evidence is susceptible of two reasonable inferences, one looking to the guilt of the defendant and the other to his innocence." (*People* v. *Green,* 13 Cal.2d 37, 42 [87 P.2d 821].) Unless there is presented a "reasonable basis for a declaration that the evidence is insufficient as a matter of law to meet the applicable standard, an affirmance must follow." (*People* v. *Mendez,* 27 Cal.2d 20, 30 [161 P.2d 929].) These rules are controlling where the commission of the offense charged is conceded and it is left to be determined only who was the perpetrator of the crime. (*People* v. *Perkins,* 8 Cal.2d 502, 510 [66 P.2d 631].)

In our opinion the evidence in the case at bar amply meets the test which the foregoing rules supply.

Appellant's next contention is that "An aider and abettor must actually assist in the offense," his position appa-

rently being that he himself must have handled the weapon or taken the property in order to be convicted of the offense charged. Under the provisions of sections 31 and 971 of the Penal Code all persons concerned in the commission of a felony, whether they actually commit the act constituting the offense, or aid and abet in its commission, are principals and punishable as such. In *People* v. *Benton,* 32 Cal.App.2d 407 [89 P.2d 1089], *People* v. *Soffer,* 34 Cal.App.2d 301 [93 P.2d 183], and *People* v. *Strauss,* 75 Cal.App. 447 [243 P. 67], convictions of robbery in the first degree were affirmed, although the appellants therein merely stood by to help their accomplices make a getaway. Appellant's contention in this regard is precisely answered by the following language of the opinion in the case of *People* v. *Stevens,* 32 Cal.App.2d 666, 669 [90 P.2d 595]:

"When, therefore, two or more people associate themselves together for the purpose of robbery, thereby becoming principals, and when in furtherance of such plan and to consummate the crime, one of their number is armed with a dangerous weapon, all are concededly equally guilty, and therefore all should be punished in accordance with the statute which provides increased penalties for defendants who are armed at the time of the commission of the offense. Appellant, although not in actual physical possession of the weapon, was nevertheless aiding and abetting his armed accomplice who had the weapon, and therefore is properly accused, tried and *punished* for the acts of his accomplice."

In the case of *People* v. *Benton, supra,* a conviction of robbery in the first degree was sustained although there was no evidence that the appellant used or carried a deadly or dangerous weapon, and it appeared that his role in the affair was merely a passive one; yet the court observed: "The chief contention of appellant seems to be that because he did not actually enter the store with Suttle, he could not be convicted of the crime. We are of the opinion that there is ample evidence in the record to sustain the conviction." See, also, *People* v. *Ward,* 40 Cal.App.2d 143, 151 [104 P.2d 537]; *People* v. *Jones,* 114 Cal.App. 91, 93 [299 P. 559]; 46 Am.Jur., page 150, section 25.

Appellant next complains that there is "No proof of criminal intent of appellant identical with that of defendant Wade, who actually committed the act." The surrounding

652

facts and circumstances justified the jury in concluding that appellant entered the drug store with the same intent to steal as that which actuated his codefendant Wade when the latter entered the establishment. ■ As the court stated in the case of *People* v. *Fewkes*, 214 Cal. 142, 148 [4 P.2d 538]:

"Intent is a question of fact which may be proved like any other fact, by acts, conduct and circumstances connected with the offense. (Sec. 21, Pen. Code; *People* v. *Richardson*, 161 Cal. 552, 559 [120 P. 20]; 8 Cal.Jur., p. 168, and cases cited.)" See *People* v. *Collins*, 60 Cal.App. 263, 268 [212 P. 701].

■ There is nothing in the evidence in the case at bar, other than the explanation furnished by appellant (which the jury had a right to disbelieve), to warrant the inference that appellant was merely "going along for the ride." On the contrary there was ample evidence from which the jury could and did conclude that appellant associated himself with Wade in a common design to rob the proprietor of the premises at the point of a gun, which design was carried out according to plan, and that he therefore intended the ordinary consequences of his acts. (*People* v. *White*, 5 Cal.App. 329 [90 P. 471]:) This would be true even if the full intent had not been formed until appellant entered the victim's establishment. In *People* v. *Bond*, 13 Cal.App. 175, 185-186 [109 P. 150], the court observed that one may aid and abet without having previously entered into a conspiracy to commit a crime. ■ While section 20 of the Penal Code provides that "in every crime or public offense there must exist a union, or joint operation of act and intent, or criminal negligence," it is clear that the intent referred to is merely an intention to do the unlawful act. (*People* v. *Hartman*, 130 Cal. 487 [62 P. 823].) ■ The rule as stated in 7 California Jurisprudence, page 853, section 13, is: "If one does an unlawful act voluntarily and willfully, that is to say, by design or set purpose, he is presumed to have intended what he did, as well as all the natural, probable and usual consequences of his act, and the intent need not be alleged or proved."

■ Appellant strenuously contends that it was "prejudicial error to admit hearsay statements of Wade," as during Wade's confession he (appellant) was absent from the room for a portion of the time. It is true of course that the extrajudicial statements of a codefendant, including confessions, made out of the presence of another defendant are not admissible as evidence against the latter, and that the jury should

be so instructed. However, in the instant case it appears that the trial court was fully cognizant of this rule and properly apprised the jury of its duties in the premises. (*People* v. *Trotter*, 120 Cal.App. 54, 62 [7 P.2d 731]; *People* v. *Burdg*, 95 Cal.App. 259, 268 [272 P. 816]; *People* v. *Finley*, 85 Cal. App. 670, 671-672 [259 P. 1019]. See *People* v. *Wilson*, 76 Cal. App. 688 [245 P. 781]; *People* v. *Swoape*, 75 Cal.App. 404 [242 P. 1067]; *People* v. *Remington*, 74 Cal.App. 371 [240 P. 526].)

In this regard the record shows that on several occasions, both during the laying of the foundation for the reception in evidence of said statements and after the reading thereof, the court cautioned the jury not to consider any statement made by one defendant as evidence against the other unless made in the presence of the latter. The prosecuting attorney likewise asked the court in similar language to so instruct the jury. In addition, the prosecution's case was reopened for the purpose of taking further evidence on this question. It thus appears that appellant's rights were adequately protected.

██ Appellant's next point is: ''Alleged confession of appellant without proper foundation.'' His contention is that the prosecution failed to show that said confession was freely and voluntarily made. The confession was made to a deputy district attorney on November 17, 1944, while the defendants were being held for arraingment. Thereafter, both at the preliminary examination and at the trial, appellant maintained that his so-called confession was not given voluntarily but was the result of beatings administered by the police officers who had him in charge, and the fear of similar treatment should he refuse to make a statement. Each of the several police officers concerned in the matter testified clearly and unequivocally to the general effect that at no time was any force or coercion used nor were any threats made or promises of immunity or reward given. Under such circumstances the question of the voluntary character of appellant's statement was one largely within the discretion of the trial court for preliminary determination.

''The mere fact that the confession was made to a police or other officer of the law while the accused was under arrest, does not necessarily render the confession involuntary and inadmissible. So, also, the mere fact that a confession is made in answer to questions will not authorize its rejection, though the fact of its having been so obtained may be an important

element in determining whether the answers were voluntary ... a reviewing court cannot say that the trial court committed error in admitting a confession of guilt unless such error appears as a matter of law from the record presented. The trial court is clothed with considerable discretion in determining whether or not the confession was free and voluntary, and where the evidence is conflicting on the subject, it must be assumed that the testimony concerning a defendant's admission was properly admitted.'' (*People* v. *Lisenba,* 14 Cal.2d 403, 421 [94 P.2d 569].)

Appellant next contends that ''the corpus delicti was not proven independently of the alleged confession of appellant.'' This contention is likewise without merit. It is well settled law that the corpus delicti may be established without proof that the crime was committed by the person charged therewith, and that slight evidence is sufficient to establish the same.

''The *corpus delicti* is established when it is proved that the crime charged was committed. It is not required that it be proved the crime was committed by the defendant. (*People* v. *Ward,* 134 Cal. 301 [66 P. 372]; *People* v. *Bollinger,* 196 Cal. 191 [237 P. 25]; *People* v. *Cowan,* 38 Cal.App.2d 231 [101 P.2d 125].)'' (*People* v. *Wilt,* 40 Cal.App.2d 124, 127 [104 P.2d 387].)

In the instant case there was ample proof of the commission of the offense without resort to the extrajudicial statement of the appellant. (*People* v. *Cowling,* 6 Cal.App.2d 466, 471 [44 P.2d 441]; *People* v. *Wiezel,* 39 Cal.App.2d 657, 664 [104 P.2d 70]; *People* v. *Housman,* 44 Cal.App.2d 619, 627 [112 P.2d 944].)

The contentions next advanced in appellant's brief read: ''Appellant's statement not admissible because not an admission, as defined in section 1870 C.C.P. subd. 3.'' We have no fault to find with the decisions cited by appellant in support of the issues so raised, but we do not deem them to be in point on the situation presented herein.

''Ordinarily, when a defendant, under conditions which fairly afford him an opportunity to reply, stands mute in the face of an accusation of crime, the circumstance of his silence may be taken against him as evidence indicating an admission of guilt (citing authorities). But if he promptly and fully deny the charge, the accusatory statements, standing alone, are not in any sense competent evidence of the defendant's

guilt (citing cases)." (*People* v. *Lapara*, 181 Cal. 66, 71 [183 P. 545].)

In the case at bar the questions asked by the deputy district attorney were not accusations; and if some of them may be deemed to have been such, they may not be said to have been promptly and fully denied. A similar contention was made in the case of *People* v. *Peete*, 54 Cal.App. 333, 355 [202 P. 51], wherein the appellate court stated:

"There is no merit in the objection that the statement did not consist alone of declarations made by defendant, but was in part made up of accusatory questions propounded to her by the deputy district attorney. Not only do the questions and answers constitute one entire and connected statement relating to the same subject matter, and for that reason, if for none other, receivable in evidence, but the questions were admissible for the further reason that they come within the universally recognized rule that any incriminatory statements made to an accused person, and his replies thereto, may be admitted in evidence, unless his replies are denials free from equivocation and deceit. The accusatory statements are not direct evidence, but are admissible in connection with the replies for the purpose of showing the accused's reaction to the questions, or that his answers were not those of an innocent man, or were such as to implicate him in the commission of the crime with which he is charged. (*People* v. *Bradley*, 23 Cal.App. 44 [136 P. 955]; *Commonwealth* v. *Spiropoulos*, 208 Mass. 71 [94 N.E. 451]; 16 C. J. 634. See, also, *People* v. *Ammerman*, *supra*, [118 Cal. 23 (50 P. 15)].)"

Appellant also has charged that the court committed prejudicial error in the reception of certain evidence, i. e., the diamond signet ring worn by the victim, the 32-caliber Colt automatic, the three cartridges and the holster. The holster was found in a room occupied by appellant to which he had taken the officers unaccompanied by Wade. The ring was discovered under the seat of the police car in which he and Wade had been riding. The gun was found in a hotel room to which the officers had been directed by appellant and Wade. Lastly, the cartridges were taken from Wade who was with appellant when they were arrested a short time after the robbery. Under such circumstances the articles were properly admitted. Such articles were certainly objects "cognizable by the senses" having "such a relation to the fact in dispute as to afford reasonable grounds of belief" that they belonged

to the defendants, and such objects therefore were items in the "sum of the evidence" properly "exhibited to the jury." (Code Civ. Proc., § 1954.) See *People* v. *Winthrop*, 118 Cal. 85, 91 [50 P. 390]; *People* v. *Elliott*, 104 Cal.App. 107, 110 [285 P. 401]; *People* v. *Raucho*, 8 Cal.App.2d 655, 657 [47 P.2d 1108]; 22 C.J.S., pages 1211-1212, section 712.

Appellant next complains of alleged "error in instruction that defendant could be found guilty because of failure to explain evidence against him." In support of this point he cites the concurring opinion of Mr. Justice Traynor in *People* v. *Albertson*, 23 Cal.2d 550 [145 P.2d 7]. At pages 584 and 585 of said opinion it appears that there were two principal vices in the instruction under attack in said case: (1) "it imposed no limitations on the jury as to what consideration it could give defendant's failure to testify and left the jury free to infer guilt from that fact alone"; (2) there was "no protection to the accused against the jury's weighing the evidence most heavily against him and drawing unfavorable inferences from his failure to explain matters of which he could not reasonably be expected to have cognizance."

However, in the case at bar, an examination of the instruction complained of at once reveals that the defects condemned in said opinion have been carefully avoided.

The attacked instruction in the present case is as follows:

"A defendant in a criminal action is not required to take the stand and testify. His failure to take the stand and testify is not to be considered by you as an admission of guilt or of the truth of anything testified to in the trial of the case. The defendant is entitled to rely upon such evidence as is given in the case or upon the failure of the people to prove each and every material element of the charge against him. However, when a defendant has failed to explain evidence against him which he could reasonably be expected to explain the jury may consider this with all of the facts and circumstances in the case in determining the guilt or innocence of the defendant."

It readily appears from a reading thereof that definite limitations were imposed on the jury as to the consideration it could give appellant's failure to testify, first, that such failure was not to be considered as an admission of guilt or of the truth of anything testified to in the trial of the case, but it might be considered with all of the facts and circumstances in the case in determining his guilt or innocence, and second,

that such failure might be considered when it consisted in the failure of defendant to explain evidence against him which he could reasonably be expected to explain.

As thus circumscribed, and particularly when read in conjunction with the remainder of the charge to the jury, the instruction was proper. See *People* v. *Ottey,* 5 Cal.2d 714 [56 P.2d 193].

Appellant contends that "It was error to permit cross-examination of appellant on extraneous matters, when produced as witness on single issue of whether his 'statement' to district attorney was free and voluntary." The reference here is to certain questions which, over objection, the prosecution was permitted to ask on cross-examination when appellant took the stand to testify to the alleged beatings and threats which, he contended, made this extrajudicial statement to the deputy district attorney involuntary. These questions did not relate to the beatings and threats, but they did relate to the voluntary character of said statement—it being the theory of the prosecution that when appellant learned that Wade had held out on him as to the value of the property taken in the holdup, he considered he had been double-crossed and would no longer withhold information detrimental to Wade's case. In view of the wide discretion which a trial court is permitted to exercise in determining the scope of cross-examination (*People* v. *Thompson,* 69 Cal.App.2d 80, 91, 92 [158 P.2d 513]), it does not appear that said court committed prejudicial error.

Appellant also claims that "It was error to receive evidence of independent offense," referring to the testimony with respect to the tying up by appellant of Mondagna, the clerk, appellant's theory being that this involved the commission of a battery which was a separate and distinct offense from the robbery with which he was charged. Cited on this point are *People* v. *Ranney,* 213 Cal. 70 [1 P.2d 423]; *People* v. *Glass,* 158 Cal. 650 [112 P. 281], and *People* v. *Carpenter,* 136 Cal. 391 [68 P. 1027]. The decisions in these cases announce or apply the well-established rule that distinct prior offenses cannot properly be shown, as such proof would merely prejudice the case of a defendant in the eyes of the jury without tending to show that he is guilty of the offense for which he is being tried. This rule has nothing to do with the right of the People in a criminal case to adduce evidence of everything that transpired during the perpetration of the crime

charged, including acts of a defendant that might constitute distinct offenses. ▆▆▆ The applicable principles in this regard are stated as follows in 8 California Jurisprudence, pages 60, 72, 73, sections 168 and 175:

"The rule against the admission of evidence of other crimes does not exclude such evidence when it logically tends to prove any fact necessary or pertinent to the proof of the crime for which a defendant is being tried. . . .

"When two or more offenses are part of the same transaction, every element of the defendant's conduct in that transaction may be shown for the purpose of illustrating the motive or intent in committing the act which is the basis of the charge. It is essentially res gestae. . . . In a prosecution for robbery of one person evidence of the robbery of another at the same time is admissible as part of the res gestae. In proving robbery committed in a house, testimony as to the manner in which the defendant entered the house is admissible though it tends to prove burglary."

▆▆▆ Appellant next asserts "The information does not state a public offense." His theory is that ownership of the property is not sufficiently alleged. The information charges that the defendants on the day named "did then and there . . . take from the person and immediate presence of one Frank Farrelly the following described property . . . in the possession of Frank Farrelly, which said taking was then and there without the consent and against the will of the said Frank Farrelly, and was then and there accomplished, as aforesaid, by the defendants by means of force used by said defendants upon and against the said Frank Farrelly, and by said defendants then and there putting the said Frank Farrelly in fear. . . ."

This contention also is without merit. It is perfectly clear under numerous recent authorities that the information is amply sufficient in this respect, particularly in view of the 1927 amendment to Penal Code, sections 951 and 952, liberalizing the rules of pleading, and in the light of the fact that the gravamen of the offense of robbery is the deprivation of possession and not ownership. (*People* v. *Covington,* 1 Cal.2d 316, 318-320 [34 P.2d 1019]; *People* v. *Dozier,* 35 Cal.App. 2d 49, 53-54 [94 P.2d 598]; *People* v. *Voiler,* 2 Cal.App.2d 724, 726 [38 P.2d 833]; *People* v. *Sampson,* 99 Cal.App. 306, 308 [278 P. 492]. See, also, *People* v. *Hicks,* 66 Cal. 103 [4 P. 1093].)

▆▆▆ Finally appellant argues that the "Trial court was

without jurisdiction of appellant because committed for trial without reasonable or probable cause, and motion to set aside information was improperly denied.'' This contention fails to find support in the record. At the preliminary examination before the committing magistrate Frank Farrelly gave direct testimony establishing the corpus delicti. He testified also that appellant resembled one of the men who took part in the robbery. Officer Doyle testified that appellant had voluntarily made a statement to the deputy district attorney admitting participation in the robbery. Appellant's codefendant Wade, in the presence of appellant, definitely involved the latter as a participant in the affair, while insisting that it was an innocent one. Wade's testimony without more would have been sufficient to establish probable cause for believing that appellant was connected with the commission of the offense. (*In re Schwitalla,* 36 Cal.App. 511, 512 [172 P. 617]; *People* v. *Novell,* 54 Cal.App.2d 621, 623, 624 [129 P.2d 453].) The cases cited by appellant in support of this contention, *Ex parte Schuber,* 68 Cal.App.2d 424, 425, 426 [156 P.2d 944], and *People* v. *Frey,* 165 Cal. 140, 143-145 [131 P. 127], are inapplicable, for in those cases there was no evidence to show that a crime had been committed.

The judgment and order are affirmed.

Adams, P. J., concurred.

Justice Thompson deeming himself disqualified did not participate.

A petition for a rehearing was denied November 26, 1945.