Appellate Department, Superior Court, San Bernardino

[Crim. A. No. 14.    Sept. 30, 1953.]

THE PEOPLE, Respondent, v. JOSEPH BANKS,
Appellant.

Daniel J. Cowett for Appellant.

Lowell E. Lathrop, District Attorney, for Respondent.

MITCHELL, J.—Appellant was charged with petty theft, to which he pleaded not guilty. After a trial before a jury a verdict of guilty was returned. Judgment followed and the appellant was sentenced to serve 180 days in the county jail.

A notice of appeal was filed and proposed statements were submitted by appellant and respondent.

It was stipulated that the two proposed statements might be considered as a settled statement.

From the statement it appears that in June, 1952, appellant was employed at the Beacon Tavern in Barstow; that on the night of June 26, 1952, the appellant was discharged; appellant claimed to be entitled to more money than was paid to him but his employer told him to take his complaint to the Labor Commissioner.

Appellant's employer had certain foodstuffs, meat and fish, stored in a freezer at the Hardwick Market because the tavern freezer was out of repair. These facts were known to appellant.

On the morning of June 27, 1952, appellant removed the meat and fish from the freezer and placed them in his automobile.

On learning that the food had been removed by appellant the proprietor of the tavern notified the police.

Shortly after noon on June 27, 1952, Officer Jackson, of the Barstow Police Department, located appellant's automobile in the driveway in the sun at appellant's home and found the food in the automobile. Appellant was inside the house partially disrobed.

Appellant testified that he took the meat for the purpose of returning it to the Beacon Tavern.

The jury did not credit this story.

█ Appellant argues, correctly, that "intent to steal" must be proven.

█ The intent with which an act is done is manifested by the circumstances attending the act.

The jury found that the intent was established.

This appeal is taken upon the grounds of insufficiency of the evidence to sustain the verdict. The only issue presented is whether there is substantial evidence sufficient to support the conclusion reached in the lower court.

█ There is no evidence in this case, other than the explanation offered by appellant (which the jury had a right to disbelieve), to warrant the inference that appellant did

not intend to steal the property. On the contrary, there was ample evidence from which the jury could and did conclude that appellant's actions were motivated by an intent to commit the offense of which he was convicted.

■ "Intent is a question of fact which may be proved like any other fact, by acts, conduct and circumstances connected with the offense." (Pen. Code, § 21; *People* v. *Wade,* 71 Cal.App.2d 646, 652 [163 P.2d 59].)

Judgment affirmed.

Hilliard, J., and Findlay, J., concurred.