[Crim. No. 649.  Second Appellate District, Division One.—May 26, 1919.]

THE PEOPLE, Respondent, v. CHARLES J. VICKROY, Appellant.

[1] APPEAL — WEIGHT OF CONFLICTING EVIDENCE — CREDIBILITY OF WITNESSES.—The appellate court, when considering cases on appeal, is not empowered to weigh conflicting evidence or pass upon the credibility of witnesses.

[2] CRIMINAL LAW — RAPE — VERDICT — SUFFICIENCY OF EVIDENCE — CONTRADICTORY TESTIMONY.—In this prosecution for rape, the verdict was supported by the testimony of the prosecutrix. The fact that she was contradicted by the defendant, or even though she told conflicting stories, raised no question of law for the determination of the appellate court on appeal.

[3] ID.—CONVICTION UPON UNCONTRADICTED TESTIMONY OF PROSECUTRIX.—In a prosecution for rape, the defendant may be convicted upon the uncorroborated testimony of the prosecuting witness.

[4] ID.—ARGUMENT TO JURY—MISCONDUCT OF DISTRICT ATTORNEY.— In a prosecution for rape, statements by the district attorney in the course of his argument to the jury that "a man who would commit such a crime as is here charged against this defendant is a moral leper. He is a Hun. He becomes a vile ulcer suppurating on the shoulder of decency. He is a moral cancer on the breast of humanity," do not constitute misconduct.

[5] ID.—OBJECTION TO CONDUCT OF DISTRICT ATTORNEY—PROCEDURE.— Where the district attorney is guilty of misconduct in the course of his argument to the jury, a mere exception thereto by the defendant is no ground for reversal of the judgment. It must be made to appear that it was improper and prejudicial and at the time assigned as error, accompanied by a request that the court instruct the jury to disregard it, unless the character thereof be such that its effect cannot be removed by such an instruction.

[6] ID.—IMPEACHMENT OF PROSECUTRIX—EVIDENCE OF CONSPIRACY— COLLATERAL FACTS.—In a prosecution for rape, the defendant is not entitled to impeach the testimony of the prosecuting witness, upon the theory that a conspiracy existed to have the defendant arrested for having chastised her sister, by showing acts and conversations of others in which she had no part.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial. J. A. Allen, Judge. Affirmed.

The facts are stated in the opinion of the court.

Irwin & McNamara and Edwards & Smith for Appellant.

U. S. Webb, Attorney-General, and Joseph L. Lewinsohn, Deputy Attorney-General, for Respondent.

SHAW, J.—Defendant was charged with and convicted of the crime of rape, alleged to have been committed upon a female under the age of eighteen years. Judgment of

imprisonment followed, from which and an order denying his motion for a new trial he has appealed.

Counsel for appellant, claiming the evidence is insufficient to justify the verdict, devote much of their argument, not to showing a want of sufficient evidence, but to a discussion of the weight which they claim should have been accorded the testimony of the respective parties. [1] As we have so often said, but apparently without purpose, this court when considering cases on appeal is not empowered to weigh conflicting evidence or pass upon the credibility of witnesses. [2] On this point, suffice it to say, that the jury, whose province it was to weigh and determine the value of the evidence touching the fact in dispute, heard the direct and positive testimony of the prosecutrix, a girl some twelve or thirteen years of age. If true, it proves conclusively that defendant was guilty of the crime charged. Notwithstanding his denial and testimony tending to establish an alibi, the jury, under proper instructions as to the law applicable, found him guilty, thus, when compared with evidence offered on behalf of defendant, showing its belief in the truth of her testimony. The fact that she was contradicted by defendant, or even though she told conflicting stories, raises no question of law for the determination in this court on appeal. [3] In this connection appellant insists that, since there was no evidence offered in corroboration of the testimony of the prosecutrix (which fact, for the purposes of this case, may be conceded), it, standing alone, even if believed by the jury, was insufficient to justify the verdict. In other words, he claims that as a matter of law the testimony of one upon whom a statutory rape has been committed, unless corroborated, will not warrant the conviction of the accused. We do not so understand the law; indeed, the contrary is held in *People* v. *Stewart*, 90 Cal. 212, [27 Pac. 200], *People* v. *Gardner*, 98 Cal. 127, [32 Pac. 880], and *People* v. *Akey*, 163 Cal. 54, [124 Pac. 718], in the last of which case it is said: "It is a rule of evidence in this state that in a prosecution for rape the defendant may be convicted upon the uncorroborated testimony of the prosecuting witness." Hence, there is no merit in the appellant's contention that the court committed prejudicial error by instructing the jury that it was not essential to the conviction of defendant that the testimony

of the prosecuting witness should be corroborated. While it is true that in exceptional cases judgments .rendered upon convictions for rape where the testimony of the complaining witness was uncorroborated have been reversed, circumstances were made to appear throwing discredit upon such testimony or tending to show the improbability thereof. (*People* v. *Ardaga*, 51 Cal. 371.) No facts are made to appear bringing this case within the exception, and the rule announced above prevails.

The instructions given, taken as a whole, went .to the full extent in protecting defendant in his substantial rights, the court, among other things, telling the jury that, owing to the nature of the charge from which it is difficult for a defendant to clear himself, they should examine the testimony of the prosecutrix with caution, and, unless they were "satisfied to a moral certainty and beyond a reasonable doubt that the case is made out by evidence convincing you to a moral certainty and beyond all reasonable doubt," should find defendant not guilty.

[4] It is also claimed that the district attorney was guilty of misconduct, the effect of which was to prejudice the right of defendant in the minds of the jury. An examination of that part of the record upon which this claim is based discloses no ground therefor. Appellant's contention in this behalf is fairly illustrated by the fact that the district attorney in the course of his argument said: "I tell you, gentlemen of the jury, a man who would commit such a crime as is here charged against this defendant is a moral leper. He is a Hun. He becomes a vile ulcer suppurating on the shoulder of decency. He is a moral cancer on the breast of humanity," to which, in response to defendant's objection, the court replied: "I see nothing wrong in counsel's remark." That any decent person should entertain a contrary view to that expressed by the district attorney as to this most heinous offense is to us inconceivable. [5] Moreover, even were there any merit in the claim that the district attorney was guilty as contended, the misconduct was not assigned as prejudicial, nor was any request made that the jury be admonished to pay no heed to it, without which action there is no ground for complaint in the appellate court. (*People* v. *Vaughn*, 25 Cal. App. 736, [147 Pac. 116, 117].) Where the district attorney is guilty

of misconduct in the course of his argument to the jury, a mere exception thereto by the defendant is no ground for reversal of the judgment. It must be made to appear that it was improper and prejudicial and at the time assigned as error, accompanied by a request that the court instruct the jury to disregard it, unless the character thereof be such that its effect cannot be removed by such an instruction. (*People* v. *Shears,* 133 Cal. 154, [65 Pac. 295].)

[6] The court appears to have accorded appellant the widest latitude in the cross-examination of the prosecuting witness for the purpose of showing ill-feeling or animus on her part toward defendant due to chastisement of her sister, for which act it seems there had been some talk among the members of the family of having him arrested. Upon this showing it is claimed a conspiracy existed which defendant was entitled to prove by independent evidence, followed by the claim that the prosecutrix was bound by the acts of her co-conspirators. There was no evidence of a conspiracy to have defendant arrested for correcting the sister, but, assuming there was, such fact was collateral to the issue being tried, and neither tended to prove nor disprove defendant's guilt. In so far as he was entitled, defendant was given every opportunity in the cross-examination of the prosecuting witness, but he was not, upon the theory that a conspiracy existed, entitled to impeach her testimony by showing acts and conversations of others in which she had no part.

Owing to the gravity of the case, and notwithstanding the want of a proper and intelligible brief or argument on the part of appellant directing the court's attention to what he deems to be errors, together with the reasons for such claims, we have carefully examined and read the entire record and satisfied ourselves that in his trial defendant was accorded every right to which he was legally entitled, and that it discloses no error which can be held to have prejudiced him in his substantial rights.

The judgment and order are, therefore, affirmed.

Conrey, P. J., and James, J., concurred.