[Crim. No. 665. Second Appellate District, Division Two.—July 23, 1919.]

THE PEOPLE, Respondent, v. JOE LOPEZ, Appellant.

[1] CRIMINAL LAW—RAPE—PROPER INSTRUCTION—EVIDENCE OF OTHER ACTS OF SEXUAL INTERCOURSE.—Where in a prosecution for the crime of rape the prosecutrix, on cross-examination by defendant's counsel, testified that the defendant had had sexual intercourse with her for a period of two years, the court properly instructed the jury "that the evidence of other acts of sexual intercourse between the defendant and the prosecutrix, and of the improper familiarity on the part of the defendant toward and with the prosecutrix, shown before and after the time charged in the information, is received and admitted in evidence to prove the adulterous disposition of the defendant, and as having a tendency to render it more probable that the act of sexual intercourse charged and relied on in the information was committed at the time and place as charged in the information, and for no other purpose."

[2] ID. — VERDICT — AGE OF PROSECUTRIX. — In a prosecution for the crime of rape, an instruction that "it is competent for you, under this information, to find either one of four verdicts: rape, as charged in the information; assault with intent to commit rape; assault, and not guilty—as you may be convinced from the evidence in the case," is not erroneous on the ground that it takes away from the jury the right to consider whether or not the prosecutrix was over the age of sixteen and under the age of eighteen years, where the only evidence in the case touching her age is to the effect that she was thirteen years old at the time of the commission of the crime.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

Frank E. Dominguez and Paul W. Schenck for Appellant.

U. S. Webb, Attorney-General, and Joseph L. Lewinsohn, Deputy Attorney-General, for Respondent.

1. Admissibility of evidence of other crimes in prosecution for rape, notes, 8 Ann. Cas. 459; 18 Ann. Cas. 442; Ann. Cas. 1915D, 164; 62 L. R. A. 314, 322, 329; 48 L. R. A. (N. S.) 236.

THOMAS, J.—This is an appeal from a judgment on conviction for the crime of rape, committed upon one Clorinda Manriguez, a female person under the age of eighteen years, not being the wife of defendant.

Defendant was sentenced to imprisonment in the state's prison. There was a motion for new trial, which was denied. From the order denying said motion, and the judgment, defendant appeals, and for reversal relies upon the following grounds: "(1) Error occurring at the trial in the admission and rejection of evidence; (2) Error in instructions to the jury; and (3) The improbability of the truth of the testimony of the complaining witness, Clorinda Manriguez."

On cross-examination the defendant sought to show, by the testimony of the prosecuting witness given at the preliminary examination of defendant, that she there testified to certain facts contrary to her testimony on the trial in the superior court in this action; and after the portion of the transcript of the evidence taken at the preliminary examination, which defendant desired to have read, was actually read into the record, and the witness had answered the question, admitting that she had so testified, the district attorney objected on the ground that it did not tend in any way to impeach the witness. This objection was sustained by the court. As already stated, however, the evidence was in. There was no motion to strike. The evidence is still a part of this record. If the ruling was error, it was without prejudice, because the defendant, so far as this point is concerned, had full opportunity to use the transcript. It was resorted to, too, on other occasions, as disclosed by the record, and for the same purposes. The ultimate question is not: "Is there conflict between the testimony given by the prosecuting witness at the preliminary hearing and that given by her at the trial in the superior court?" but rather, "Do the jury believe the testimony given at the trial, notwithstanding said conflict?" In this case the jury apparently believed the testimony of the little girl.

[1] It is urged that the court erred in giving the following instruction: "You are further instructed that the evidence of other acts of sexual intercourse between the

defendant and the prosecutrix, and of the improper familiarity on the part of the defendant toward and with the prosecutrix, shown before and after the time charged in the information, is received and admitted in evidence to prove the adulterous disposition of the defendant, and as having a tendency to render it more probable that the act of sexual intercourse charged and relied on in the information was committed at the time and place as charged in the information, and for no other purpose''—because it assumes that there was evidence introduced at the trial tending to show that defendant had had acts of sexual intercourse with the prosecuting witness prior to the date charged in the information. The record discloses that this assumption was based upon the evidence, and that this evidence was elicited from the prosecuting witness by defendant's counsel on cross-examination—testimony showing that defendant had had sexual intercourse with the prosecutrix for a period of two years prior to the date of the crime charged in the information. The instruction given, therefore, was a proper one.

[2] It is also urged that the court erred in giving the following instruction: "It is competent for you, under this information, to find either one of four verdicts: rape, as charged in the information; assault with intent to commit rape; assault, and not guilty—as you may be convinced from the evidence in the case," on the ground that this instruction took away from the jury the right to consider whether or not the prosecutrix was over the age of sixteen and under the age of eighteen years. The answer to this contention is that the court was not called upon to submit to the jury any question predicated on the assumption that the prosecutrix may have been between the ages of sixteen and eighteen years; and the only evidence in the case touching her age was to the effect that she was thirteen years old at the time of the commission of the crime.

The third point urged, namely, the improbability of the truth of the testimony of the complaining witness, is not well taken. It will not be discussed here, because both this court and the supreme court have said so much about this phase of the law that it is useless to take further space with such discussion. We cite the case of *People* v. *Vickroy,*

41 Cal. App. 275, [182 Pac. 764], in support of our present conclusion, and rest the matter there.

There is no merit to the points urged.

The judgment and order are affirmed.

Finlayson, P. J., and Sloane, J., concurred.