[Crim. No. 519.  Third Appellate District.—October 11, 1920.]

## THE PEOPLE, Respondent, v. JOHN A. ADKINS, Appellant.

[1] CRIMINAL LAW—MURDER—SELF-DEFENSE—EVIDENCE—PROVINCE OF JURY—FINALITY OF VERDICT.—In a prosecution for murder, in which the defendant is convicted of manslaughter, it is the province of the jury to determine the question whether or not the evidence supports the defendant's claim that at the time of the shooting he was acting in necessary self-defense, and if the evidence is conflicting, the verdict of the jury is final and conclusive.

[2] ID.—MISCONDUCT OF DISTRICT ATTORNEY—INSTRUCTION TO DISREGARD—FAILURE TO REQUEST—WAIVER OF OBJECTION.—In such a prosecution, the defendant cannot complain on appeal of alleged misconduct of the district attorney in reading to the jury during his argument a certain article as to the evils of persons carrying concealed weapons, where he made no request that the trial court direct the jury to disregard the same.

APPEAL from a judgment of the Superior Court of Solano County.  W. T. O'Donnell, Judge.  Affirmed.

The facts are stated in the opinion of the court.

H. E. Manning and Thomas J. Horan for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

NICOL, P. J., *pro tem.*—Defendant was informed against by the district attorney of Solano County for the crime of murder.  He was thereupon tried and convicted of manslaughter and he prosecutes this appeal from the judgment and order denying his motion for a new trial.

It appears from the evidence that on the evening of November 16, 1919, the defendant, in the company of Bessie A. Hamilton, Hazel Chapman, and Walter W. Foster, was present at a road house known as Monreal's Place, situated about two miles outside of the city of Vallejo.  Defendant and his party engaged in dancing for about an hour and a half when the deceased, Charles Denio, with his wife, Martha Denio, and his brother-in-law, Stewart B. Reynolds, and the wife of Stewart B. Reynolds, entered the dance-hall and

49 Cal. App.—34

took a table which was unoccupied and had accommodations for four, and said deceased and his party took seats thereat. That shortly thereafter the defendant left his seat and proceeded to the deceased's table, where at the time were seated Mr. and Mrs. Stewart B. Reynolds, the deceased and his wife having left the table and not being present at the time, and asked Mrs. Reynolds, to whom he was a stranger, to dance with him. Mrs. Reynolds testified that in reply to his request that she dance with him she said, "No, thank you, I do not dance with anybody but my own party," and that the defendant swore at her. The defendant testified that when he asked her to dance with him she threw the contents of a glass in his face. The deceased having returned, a quarrel ensued over this occurrence between the defendant and Reynolds and the deceased, which terminated in the shooting which caused the death of the said Charles Denio.

The defendant claims that when he fired the fatal shot that caused the death of the said Charles Denio he was acting in necessary self-defense and to repel a dangerous and violent attack then being made upon him by the said Charles Denio and his brother-in-law, Stewart B. Reynolds.

Mrs. Martha Denio, the wife of the deceased, testified that at the time deceased was shot by defendant, deceased was "standing beside me. We were standing about fifteen or twenty feet from Mr. Adkins, watching him struggling with the women of his party, one of whom he kicked to the floor, and then pointed his revolver and shot my husband." On cross-examination this witness testified that she and deceased were just standing there and defendant was struggling with some of the women of his party and kicked one of them to the floor and then pointed his gun at deceased and shot. That there was no man near the defendant at the time, just the two women. It was shown by the testimony of the examining physician that there were no powder burns on the body of the deceased.

[1] It was the province of the jury to determine the question whether or not the evidence supported defendant's claim that at the time of the shooting he was acting in necessary self-defense. It was for the jury to say whether or not the story of the defendant should be believed, and the evidence being conflicting, the verdict of the jury is final and conclusive. (*People* v. *Rongo,* 169 Cal. 71, [145 Pac.

1017].)   "Since our appellate jurisdiction extends only to questions of law, we must accept as proven the facts as detailed by the witnesses for the state." (*People* v. *Moore,* 155 Cal. 237, 238, [100 Pac. 688].)

[2]   The appellant contends that the district attorney was guilty of misconduct during his argument to the jury.   The alleged misconduct consisted in his reading to the jury during his argument a· certain article written by James A. Johnston, warden of San Quentin penitentiary, as to the evils of persons carrying concealed weapons.

There is nothing in the point of this alleged misconduct of the district attorney.   Conceding that the reading of the article was improper, there was no request made that the court direct the jury to disregard the same, and hence the appellant cannot now complain. (*People* v. *Shears,* 133 Cal. 154, [65 Pac. 295]; *People* v. *Ye Foo,* 4 Cal. App. 730, [89 Pac. 450]; *People* v. *Kramer,* 117 Cal. 647, [49 Pac. 842]; *People* v. *Beaver,* 83 Cal. 419, [23 Pac. 321]; *People* v. *Vickroy,* 41 Cal. App. 275, [182 Pac.·764].)

Finding no error in the record the judgment and order appealed from are affirmed.

Hart, J., and Burnett, J., concurred.