[Crim. No. 3128. Second Appellate District, Division One.—July 22, 1938.]

THE PEOPLE, Respondent, v. FRED L. ASAVIS, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

WHITE, J.—In an information filed by the district attorney of Los Angeles County, the defendant was accused of a violation of section 288 of the Penal Code, alleged to have been committed on or about the 9th day of February,

1937. After trial had before the court sitting without a jury, defendant was found guilty. Upon appeal the judgment was reversed, because of the improper admission of testimony concerning a similar offense allegedly committed three or four years previous, and the cause was remanded for a new trial. (*People* v. *Asavis,* 22 Cal. App. (2d) 492 [71 Pac. (2d) 307].) Upon the going down of the *remittitur* and while the cause was awaiting retrial in the superior court, the district attorney filed an amended information on March 3, 1938, in count I of which the identical charge of violation of section 288 of the Penal Code as pleaded in the original information was again set forth, and a second and additional count was added alleging that on or about February 9, 1937, the defendant was guilty of the crime of contributing to the delinquency of a minor, a misdemeanor; to which last-named count the defendant originally entered a plea of guilty, which, however, later was withdrawn and a plea of not guilty interposed. On the date set for the retrial, upon motion of the district attorney, the court dismissed the misdemeanor charge contained in count II on the ground that the same did not state a public offense, for the reason that upon its face it sought to charge a misdemeanor that had been committed more than one year prior to the filing of the amended information. (Sec. 801, Pen. Code.) The cause proceeded to trial upon the issues presented by count I, resulting in a conviction of defendant of the offense of violation of section 288 of the Penal Code. From the judgment and the sentence pronounced thereon and from the order denying his motion for a new trial, the defendant prosecutes this appeal.

The first contention of appellant is that the court erred in granting the motion to dismiss count II of the amended information. This claim is without merit. It is now definitely established as the law of this state that an information which, like the one before us, in so far as count II is concerned, shows on its face that the prosecution is barred by limitation, fails to state a public offense; and the trial court was correct in ordering it dismissed. (*People* v. *McGee,* 1 Cal. (2d) 611 [36 Pac. (2d) 378].)

It is next claimed that the evidence is insufficient to sustain the judgment of conviction for the reason that the story told by the prosecutrix is inherently improbable.

At the time the crime was allegedly committed, the prosecutrix, a child of the age of nine years, was living with her guardian and attending school, where she was enrolled in the fourth grade. According to her testimony, she went to the house of appellant on the day in question to deliver a bottle of milk. Appellant came to the door and asked her to come in by the fire and warm herself. She went into the house and at the request of appellant sat down. He asked her to sit on his lap, and finally pulled her over onto his lap. Without narrating the sordid details of his conduct toward the girl as testified to by her, it is sufficient to say that she narrated, on both direct and cross examination, a consistent story of indecencies upon the part of appellant which constituted a violation of section 288 of the Penal Code. In his brief appellant does not direct our attention to any particular inconsistencies or improbabilities in the story told by the child, and a reading by us of her entire testimony reveals none. Considerable weight is also given to the verity of the testimony of the prosecutrix by evidence showing that immediately following the alleged misconduct of appellant the child was observed crying; and further evidence showed that upon leaving appellant's residence the child went immediately to her own home, where she at once complained to her guardian upon the latter's return to the house. We are not directed to, nor do we find in this record, anything that would justify this court in stamping the story of the prosecutrix as inherently unbelievable or even improbable. As was said in *People* v. *Haydon,* 18 Cal. App. 543 [123 Pac. 1102], "A statement, to bear upon its face the brand of improbability, or which may be said to be unbelieveable *per se,* must involve, we think, a claim that something has been done that it would not seem possible could be done under the circumstances disclosed, or involve conduct that no one but a person of a seriously calentured mentality would be likely to do." We are without authority, therefore, to nullify the action of the jury in accepting the story told by the girl and rejecting appellant's version of what took place on the particular occasion referred to.

█ Finally, appellant urges that the trial court erred in refusing to give five proffered instructions of a cautionary nature, directing the attention of the jury to the ease with which accusations like the one under consideration here can

be made and the difficulty of defending against and disproving them, and also to the effect that the testimony of children of immature years should be viewed with great care and circumspection. We have read the instructions given and are satisfied that they fully and fairly presented to the jury the established rules for weighing and determining the credibility of witnesses as well as the effect and value of evidence. The instructions given correctly advised the jury with reference to each issue presented by the amended information and the defendant's plea thereto, as well as those issues raised by the evidence.

The attempted appeal from the sentence is dismissed, because the statute does not authorize the same.

For the foregoing reasons, the judgment and the order by which the motion for a new trial was denied are, and each of them is, affirmed.

York, P. J., and Doran, J., concurred.