[Crim. No. 4358.   Second Dist., Div. Two.   June 29, 1949.]

THE PEOPLE, Respondent, v. MANUEL G. RIVAS,
Appellant.

Charles F. Kromm for Appellant.

Fred N. Howser, Attorney General, and Kent C. Rogers, Deputy Attorney General, for Respondent.

MOORE, P. J.—From a conviction of rape by force and violence defendant appeals, asserting the insufficiency of evidence, and errors in the admission thereof.

The prosecutrix having finished her day's work in a café at Port Hueneme entered her automobile nearby about 12 o'clock midnight, December 18, rested her head on the steering wheel to await the arrival of her husband and fell asleep. She was suddenly awakened by a blow to the mouth followed by a jerk of the hair and her fall to the sidewalk. One tooth was knocked out and she was bleeding and suffering pain. Two boys whom she recognized as Joe Cortez and George Padilla, both 20 years of age, forcibly placed her in the rear seat of a black sedan. As it sped away to an orchard one of her captors held and choked her. Padilla and a man named Nunez occupied the seat with her and the latter raped her. They drove then to the house of appellant in Oxnard. Padilla and Cortez forced her into the house and told her to keep her mouth shut or receive a blow like the first. They opened the door and there stood Rivas. She pleaded with appellant to make the men desist. He washed her face with alcohol but offered no interference with George and Joe as

they jerked off her uniform and threw her on the bed. Still disregarding her requests, appellant remained in the room while Joe and George successively raped her. Thereupon Joe held her while appellant had intercourse with her as she pleaded that the others had done enough to her. After Rivas had accomplished his purpose, she begged him to make the boys take her home. With an oath, Padilla ordered her "to get dressed quick." She complied and was returned by the three men to the sedan. She paid Joe $1.00 to transport her to Hueneme. He took her money but threw her onto the back seat, told her to do as he said or he would hit her, and then raped her again as she pleaded for her freedom. As he returned to the front seat the prosecutrix escaped.

The victim's testimony was corroborated by Mr. Gliss who heard two screams near the café and saw two men forcing a woman into a car. She knocked at the door of the witness Lockett about 6 o'clock the following morning. She was nervous, held her throat and could not talk. Blood was found by a deputy sheriff on the car in which she slept at the time she was struck. Dr. Crites on the same day found blood on her clothing, her nose and lip swollen and bluish, an upper tooth recently removed, bruises on her neck and left shin and lacerations on her genitalia. The witness Bryden called by the defense saw the prosecutrix with blood on her face placed on the back seat of the sedan with Nunez and Cortez. The witness Stewart, also called by the defense, lived 15 feet from appellant's room. He heard talking there between 3 and 4 o'clock a. m. December 19.

Appellant denied having had intercourse with the prosecutrix but admitted that when Cortez and Padilla entered his room they held her and there had sexual relations with her against her will. He did not notify the police until after he had received notice they wished to see him. He told the undersheriff that he had accompanied the prosecutrix, Joe and George to the sedan at the time of their departure from his premises.

There is no element of the crime charged absent from the evidence adopted by the jury and approved as sufficient by the trial court. It is a familiar rule that the triers of fact shall determine on which side the truth lies. The proof of forcible rape by appellant is conclusively established. He admitted it to the undersheriff. The fact that he retracted his statement did not oblige the jury or the court to believe his retraction. The bruised condition of the woman's body

and bloody clothing, her being beaten and abducted by her captors and her own testimony of the violence used upon her answer all requirements of the law. (Pen. Code, § 261, subd. 3; *People* v. *Trawick,* 78 Cal.App.2d 604, 607 [178 P.2d 45]; *People* v. *Wade,* 71 Cal.App.2d 646, 650 [163 P.2d 59].) It is assumed on appeal that the court and jury believed the evidence and drew the inferences favorable to the judgment. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]; *People* v. *Perkins,* 8 Cal.2d 502, 510 [66 P.2d 631]; *People* v. *Harshaw,* 71 Cal.App.2d 146, 147 [161 P.2d 978].)

Resistance by the prosecutrix was clearly established. She was beaten and terrorized before being ushered into appellant's presence. Her continued resistance was not, under such conditions, essential to proof of forcible rape. She should not have risked the crushing of her cranium or the further mutilation of her body in her battle to prevent the violation of her virtue. (*People* v. *Cassandras,* 83 Cal.App.2d 272, 278 [188 P.2d 546]; *People* v. *Ford,* 81 Cal.App.2d 580, 582 [184 P.2d 524].)

Appellant emphasizes certain asserted contradictions and inconsistencies in the testimony of the unfortunate woman. When it is realized how inaccurate and self-contradictory an intelligent and phlegmatic person may sometimes appear it is no wonder that, in an extended cross-examination of a woman concerning the details of a tragic event in which her honor and her life were in peril, she should have been guilty of some inconsistent statements of details. The jury had to determine only whether she was raped by appellant. Whether his act was in light or in darkness is not important. Unusual circumstances do not necessarily rob a witness of his veracity. Out of the harmony or confusion of the utterances of one or many witnesses it is still incumbent upon the jury to determine the ultimate fact of the guilt of the accused. (*People* v. *Jackson,* 63 Cal.App.2d 586, 590 [147 P.2d 94].)

Likewise, the contention that the events recited in the testimony of the prosecutrix are unusual and inherently improbable has no legal support. (*People* v. *Holquin,* 48 Cal. App.2d 551, 554 [120 P.2d 71].) An appellate court must not reject testimony believed by the jury unless the occurrences related by the witness are physically impossible "or their falsity be apparent without resorting to inferences." (*People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758]; *People* v. *Klinkenberg,* 90 Cal.App.2d 608, 627 [204 P.2d 47, 58, 613].) If it could have occurred, it was not inherently improbable.

(*Ibid.*) The improbability of testimony must be apparent. That the phenomena reported are unusual or that the witness may have been inconsistent is not decisive of its improbability. (*People* v. *Headlee*, 18 Cal.2d 266, 267 [115 P.2d 427].)

It is urged that the proof failed for the reason that resistance on the part of the prosecutrix was not shown. But the evidence is abundant that her resistance was overcome by force and violence. When she arrived at appellant's home she was benumbed by the blow that knocked out her tooth, dazed by the punishment administered on the way from Port Hueneme and frightened by the threats of the men who jerked her into appellant's abode. The terrors suffered and fears for her life made her conscious of the hoplessness of defeating the demands of the three men.

It is asserted with perfervid zeal that grievous error was committed in admitting evidence of the kidnapping and rape of the prosecutrix by her captors and of her rape by Cortez after leaving appellant's home. The evidence of which complaint is made is not of the erroneous variety by which a person accused by crime X is confronted with proof of crimes Y and Z committed by strangers in precincts remote from the locale of the crime X. The crimes of Cortez, Nunez and Padilla were so connected, blended and confused with the acts of appellant that they all compose one indivisible transaction. Proof of any one of them cannot be made without establishing the others. Therefore evidence against any or all of them is admissible against the one on trial for an offense which is itself a detail or part of the entire criminal scheme. In response to an assignment similarly made in *People* v. *Wade*, 71 Cal.App.2d 646, 657 [163 P.2d 59], in referring to the rule excluding prior offenses, the court held that such rule does not forbid the State to adduce proof of everything that occurred during the perpetration of the crime charged ''including the acts of a defendant that might constitute distinct offenses.'' Evidence of other crimes will not be excluded when it logically tends to establish any facts pertinent to the proof of the crime on trial. (*People* v. *Wade*, 71 Cal.App. 2d 646, 657 [163 P.2d 59]; *People* v. *Dabb*, 32 Cal.2d 491, 499 [197 P.2d 1]; *People* v. *Peete*, 28 Cal.2d 306, 315 [169 P.2d 924].)

The proof that appellant conspired to commit a forcible rape is complete. Prosecutrix had been beaten, bruised, raped and over her protest transported to appellant's house. There, she was violently jerked into his presence and raped

by the two men as he looked on. His behavior at once made him a part of the conspiracy and his silence made him an accomplice of both Cortez and Padilla. If another act was essential to show his complicity, he performed it by raping the woman. He then attended his confederates as they led her from his house and placed her in the same sedan that had brought her, to be driven by the same Cortez who had raped her and who appellant might have known would repeat his villainy. A conspiracy was proved and appellant did his part. An allegation thereof was not necessary. (*People* v. *Duran*, 57 Cal.App.2d 363, 371 [134 P.2d 305].) The circumstances were sufficient to prove the conspiracy without direct evidence. (*People* v. *Ragone*, 84 Cal.App.2d 476, 480 [191 P.2d 126].) Circumstances as proof of a criminal conspiracy are sufficient if they are competent evidence and convince the jury. (*People* v. *Yant*, 26 Cal.App.2d 725, 737 [80 P.2d 506].) Direct proof of such a crime is seldom available and the punishment for many gross offenses would be avoided if the courts were forbidden to determine guilt from circumstances created or participated in by the accused. The moment appellant willingly sheltered and assented to the crimes of Cortez and Padilla he became their confederate and liable for each of their acts done pursuant to their agreement to rape the defenseless woman. (*People* v. *Harper*, 25 Cal.2d 862, 871 [156 P.2d 249] ; *People* v. *Henderson*, 79 Cal.App.2d 94, 119 [179 P.2d 406].)

By reason of the criminal conspiracy of appellant with Cortez and Padilla there was no error in the court's admitting over objections the several exhibits as evidence of the crimes against the prosecutrix by the confederates outside the presence of appellant. (*People* v. *Ciulla*, 44 Cal.App. 719, 722 [187 P. 46].)

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.