[Crim. No. 7772. Second Dist., Div. One. May 28, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. HAROLD BERNARD SWANSON, Defendant and Appellant.

Harold Bernard Swanson, in pro. per., Gladys Towles Root and Eugene V. McPherson for Defendant and Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of rape in violation of section 261, subdivision 3, Penal Code, and an order denying a motion for a new trial.

In an information filed in Los Angeles County defendant was charged with forcibly raping Guadalupe Hernandez on December 11, 1960. Two prior felony convictions (one of robbery) also were charged in the information. Defendant pleaded not guilty and denied the prior convictions. A jury trial was waived and by stipulation the cause was submitted upon the testimony taken at the preliminary hearing subject to the court's rulings, with each side reserving the right to offer additional evidence. The defendant was found guilty as charged and the prior convictions as alleged were found to be true. A motion for a new trial and an application for probation were denied. The appeal is from the judgment and the order denying the motion for a new trial.

A résumé of some of the facts as established by the evidence is as follows: in the early morning hours on December 11, 1960, Guadalupe Hernandez was walking on Main Street in Los Angeles in the 11000 block looking for a telephone booth from which to call for a taxicab. She had been to a party at a house approximately two blocks away. After she entered the telephone booth a man whom she did not know approached her in the booth, grabbed her and stated in effect that she would have to go with him. Miss Hernandez answered "No,

I have to go because my daughter is sick." The man said "I don't care. I just want to have you, and I want to have fun with you." It was not true that Miss Hernandez had a sick daughter but she did want to get away from her assailant.

Miss Hernandez ran to the street where she stopped a car and the occupants thereof told her that they could not help her. She started walking again and the assailant grabbed her and her purse. She struggled and asked for assistance from others but none was willing to intervene. While she and the assailant were going toward an apartment in a house she observed a door opening. She broke loose and ran to that apartment and asked the occupant to help her but to no avail. She was then practically dragged to the room of her assailant. The appellant in this case was in the room to which Miss Hernandez was taken.

She was instructed to undress or suffer a severe beating. The man unzipped her dress and pulled off her dress and girdle. She was thrown to the bed and while in fear for her safety and while struggling the assailant had an act of sexual intercourse with her. The man told her to shut up or she would never live to see her daughter.

After the course of conduct just related the appellant "jumped" on Miss Hernandez. She heard a knock on the door and contemplated making an outcry but appellant put his hand over her mouth and hit her in the stomach. Appellant also told her that if she did not shut up he was "going to call about 20 men that lived in that same apartment" to do the same to her. In spite of her resistance and struggling the appellant had an act of sexual intercourse with Miss Hernandez. She was afraid and told him "if you just don't let the other man touch me any more, I will call you later and I will come to see you." The statement was made by Miss Hernandez because of her fear. She received bruises on her arms and legs from the struggling.

After the act of intercourse with appellant the two men and she dressed and walked to a telephone booth where appellant made a telephone call for a taxicab. Miss Hernandez attempted to make it appear that she wanted to give appellant her telephone number and address, to the end that he would believe her. She scribbled something which apparently was illegible. The appellant wrote his name and address on a card and gave it to Miss Hernandez. A taxicab arrived and she got into the cab and at once told the driver of the cab

to help her call the police. The driver gave her a dime for the telephone call and she called the police.

L. E. Ritter, a Los Angeles police officer, saw Guadalupe Hernandez on December 11, 1960, at 107th and Main Streets at about 5.45 a. m. She made a complaint to him and showed him the card with "Harold Swanson, 11414 South Main Street, Apt. No. 3" on it. They then went to the area of the address indicated. Miss Hernandez stayed in or near the police car, which was parked. The officer went to the apartment, knocked on the door and was met by the appellant. The officer took appellant to a point about 10 feet from the police car and as they approached Miss Hernandez started screaming, "That's the man. That's the one." Guadalupe Hernandez and appellant were never married.

Appellant contends: (1) that the testimony of Guadalupe Hernandez is inherently improbable and unbelievable, (2) that her testimony is so fraught with contradictions that it will not support a judgment, and (3) that the evidence is not sufficient to support the verdict in that there is no evidence of "penetration."

There is no merit to any of appellant's contentions.

For testimony to bear upon its face such improbability as to render it unbelievable it must involve a claim that something has been done which it would not seem possible could be done under the circumstances described. (*People* v. *Gunn*, 170 Cal.App.2d 234 [338 P.2d 592]; *People* v. *Brown*, 100 Cal.App.2d 207, 209 [223 P.2d 60]; *People* v. *Loehr*, 35 Cal.App.2d 1, 5 [94 P.2d 390]; *People* v. *Asavis*, 27 Cal. App.2d 685, 688 [81 P.2d 595]; *People* v. *Haydon*, 18 Cal. App. 543, 553-556 [123 P. 1102, 1114]; Witkin, Cal. Evidence (1958) § 481.)

Contradictions and inconsistencies alone will not necessarily constitute inherent improbability. (*People* v. *Huston*, 21 Cal.2d 690, 693 [134 P.2d 758]; *People* v. *Kearney*, 20 Cal.2d 435, 438 [126 P.2d 612]; *People* v. *Stangler*, 18 Cal.2d 688, 691-692 [117 P.2d 321]; *People* v. *Trippell*, 7 Cal.2d 612, 614 [61 P.2d 929]; *People* v. *Merrill*, 104 Cal.App.2d 257, 262-263 [231 P.2d 573]; *People* v. *Cannon*, 77 Cal.App.2d 678, 687 [176 P.2d 409]; *People* v. *Amadio*, 25 Cal.App. 729, 730 [145 P. 151]; *People* v. *Haydon*, 18 Cal.App. 543, 554 [123 P. 1102, 1114].)

It is not enough that the testimony may disclose circumstances which are unusual. (*People* v. *Gunn*, 170 Cal. App.2d 234 [338 P.2d 592]; *People* v. *Fremont*, 47 Cal.App.

2d 341, 349 [117 P.2d 891]; *People* v. *Collier*, 111 Cal.App. 215, 226 [295 P. 898].)

 If a trier of fact has believed the testimony (and in this instance the fact-finder was a judge who has had many years of experience in the trial of criminal and other cases) this court cannot substitute its evaluation of the credibility of the witness unless there is either a physical impossibility that the testimony is true or that the falsity is apparent without resorting to inferences or deductions. (*People* v. *Huston*, 21 Cal.2d 690, 692 [134 P.2d 758]; *People* v. *Klinkenberg*, 90 Cal.App.2d 608, 627 [204 P.2d 47, 613]; *People* v. *Lindsey*, 90 Cal.App.2d 558, 563 [203 P.2d 572]; *People* v. *Cannon*, 77 Cal.App.2d 678, 687 [176 P.2d 409]; *People* v. *Johnston*, 73 Cal.App.2d 488, 493 [166 P.2d 633].)

The appellant has failed entirely in the making of any showing to the effect that the conduct specifically described by Guadalupe Hernandez was physically impossible or inherently improbable.

 We assume on appeal that the trier of fact believed the evidence which with the inferences therefrom support the judgment. (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778]; *People* v. *Rivas*, 92 Cal.App.2d 663, 666 [207 P.2d 1062]; *People* v. *Harshaw*, 71 Cal.App.2d 146, 147 [161 P.2d 978].)

 The trial judge and not this court resolves the inconsistencies and contradictions. The judge under the circumstances of this case could have believed part of the testimony of a witness and disbelieved the remainder thereof. See Witkin, California Evidence, section 485. (*People* v. *Morris*, 115 Cal.App.2d 312, 316 [252 P.2d 36]; *People* v. *Thomas*, 103 Cal.App.2d 669, 672 [229 P.2d 836]; *People* v. *Jackson*, 63 Cal.App.2d 586, 592 [147 P.2d 94]; *People* v. *Ogden*, 41 Cal.App.2d 447, 453 [107 P.2d 50]; *People* v. *Kennedy*, 21 Cal.App.2d 185, 201 [69 P.2d 224].)

Appellant intimates that where there is a contradiction between the prosecutrix and another witness that the evidence should be viewed in favor of the defendant. Where, as here, the evidence against the defendant considered by itself is sufficient to support the judgment, the question presented is one of fact upon which the determination of the trier thereof is final and conclusive. (*People* v. *Hannon*, 44 Cal.App.2d 484, 489 [112 P.2d 719]; *People* v. *Vickroy*, 41 Cal.App. 275, 277 [182 P. 764].)

Appellant relies upon some language in *People* v. *McCullough*, 38 Cal.App.2d 387, 391 [101 P.2d 531], however a reading of that case convinces us that the facts in the McCullough case are in nowise comparable to the facts in this case.

Penal Code section 263 provides in part: "The essential guilt of rape consists in the outrage to the person and feelings of the female. Any sexual penetration, however slight, is sufficient to complete the crime."

 Penetration may be proved by circumstantial evidence. (*People* v. *Peters*, 149 Cal.App.2d 94, 97 [308 P.2d 42] ; *People* v. *Haywood*, 131 Cal.App.2d 259, 261 [280 P.2d 180] ; *People* v. *Vicencio*, 71 Cal.App.2d 361, 365 [162 P.2d 650].)

In *People* v. *Howard*, 143 Cal. 316, 318 [76 P. 1116], it is stated in effect that sexual intercourse means sexual penetration. In this case there was evidence that appellant had an act of sexual intercourse with Guadalupe Hernandez. That evidence necessarily means that under the circumstances there was the penetration required by the statute.

Appellant relies upon *People* v. *Boardman*, 56 Cal.App. 587 [205 P. 877], to support his views in some respects. In that case however the witness after stating in effect that there had been an act of sexual intercourse refused to answer any questions, the answers to which would have described the act or conduct. There was no refusal to describe the conduct in this case. In fact Guadalupe Hernandez was never asked about it and there was no motion to strike the testimony upon the basis that it was a conclusion or otherwise.

For the reasons hereinbefore indicated the judgment and the order denying a motion for a new trial are and each is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 25, 1962. Dooling, J.,* participated in place of Traynor, J.

---

*Assigned by Chairman of Judicial Council.