Ruchell MaGEE, Petitioner and Appellant,

v.

Louis S. NELSON, Warden, Respondent and Appellee.

No. 26309.

United States Court of Appeals,
Ninth Circuit.

Feb. 7, 1972.

Certiorari Denied April 17, 1972.
See 92 S.Ct. 1517.

Ruchell MaGee in pro. per.

Evelle J. Younger, Cal. Atty. Gen., John T. Murphy, Karl S. Mayer, Deputy Attys. Gen., San Francisco, Cal., for respondent-appellee.

Before MERRILL and HUFSTEDLER, Circuit Judges, and PREGERSON,* District Judge.

PER CURIAM:

Ruchell MaGee is incarcerated at the California State Prison at San Quentin.[1]

---

* Honorable Harry Pregerson, United States District Judge, Central District of California, sitting by designation.

1. MaGee is serving a life sentence, having been convicted, as a second felony offender, of kidnapping for the purpose of robbery, in violation of Section 209 of the California Penal Code, and first de-

gree robbery, in violation of Section 211 of the Penal Code.

Two trials have been held in this matter in the Superior Court of California for Los Angeles County. At the first trial the jury convicted both MaGee and his co-defendant. MaGee appealed to the California District Court of Appeal, Second District, which reversed his convic-

Proceeding *in propria persona,* MaGee petitioned the United States District Court for the Northern District of California for a writ of habeas corpus. After the District Court ordered the respondent to show cause why a writ should not issue, the State Attorney General submitted a return, and MaGee, a traverse. The District Court then denied MaGee's petition without a hearing, and MaGee appealed to this Court, which has jurisdiction of the appeal under 28 U.S. C. § 2253. We affirm the District Court's decision.

■■ MaGee contends, first, that he received an inaccurate transcript of his first trial and that prison officials interfered with his attempts to have this transcript corrected. Even if these allegations are true, MaGee does not appear to have suffered injury. His first conviction was reversed by the California District Court of Appeal, the allegedly inaccurate transcript notwithstanding. MaGee's present incarceration is a result of his second trial, and the reporter's transcript of that proceeding gives no indication that the transcript of the first trial was in any way used during the second trial.[2]

■ MaGee also contends that he did not receive an accurate copy of the transcript of his second trial. Assuming this allegation to be true, there is no showing that MaGee has any need for a transcript other than to perfect his right to appeal from the second conviction. MaGee deliberately abandoned this right to appeal in December 1965.[3] Therefore the alleged denial of his right to an accurate transcript, even if true, was not prejudicial. *See* McGarry v. Fogliani, 370 F.2d 42 (9th Cir. 1966); Wade v. Wilson, 390 F.2d 632 (9th Cir. 1968), vacated 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970).

■ MaGee further contends that he was beaten, bound, and gagged by bailiffs during his second trial. The reporter's transcript of the second trial reveals that MaGee made several outbursts during the trial and that the trial judge warned him of what the consequences of his conduct would be. In light of MaGee's behavior at the trial and the judge's repeated warnings, the measures that were taken were not improper. Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970).

---

tion and remanded the case to the Superior Court for a new trial. The Court held, in an unpublished opinion, that the prosecution's evidence had been sufficient to support the jury's verdict of guilty, but that the joinder of a count charging MaGee's co-defendant with a separate, unrelated robbery had unduly prejudiced MaGee. People v. Magee, Crim.No.9376 (Dec. 18, 1964). Upon remand MaGee was tried alone, before a jury, and again convicted. Sentence was pronounced on September 2, 1965. MaGee filed a timely notice of appeal, but moved to dismiss the appeal on December 10, 1965. The District Court of Appeal, acting pursuant to Rule 38 of the California Rules of Court, dismissed MaGee's appeal on December 17.

2. MaGee's papers in support of his petition for habeas corpus are not clear, but he apparently argues that an accurate transcript of the first trial would have led to reversal and outright acquittal on appeal, rather than reversal and mere remand for a new trial. This argument,

however, has little merit. The prosecution produced considerable evidence pointing to MaGee's guilt at the first trial; MaGee presented evidence intended to demonstrate his innocence. The prosecution's evidence was plausible, albeit not uncontradicted, and the jury believed it. Since the prosecution's evidence at the first trial was substantial, outright acquittal by the District Court of Appeal would have been improper. Remand was the only appropriate course. *See, e. g.,* People v. Swanson, 204 Cal.App.2d 169, 22 Cal.Rptr. 178 (1962).

3. MaGee submitted to the District Court of Appeal a document written in his own hand and signed by him. It was dated December 10, 1965, and was entitled "Motion for *Severance of Appeal* and or *Dismiss Appeal Pending.*" [Emphasis in original.] In this document MaGee moved for dismissal of his appeal "In that Petitioner Constitutional Rights is not further violated by the State of California [sic]."

■ Finally, MaGee contends that perjurious testimony by his co-defendant was used to convict him. The reporter's transcript of the second trial gives no indication that testimony by his co-defendant in the first trial was used at the second trial. There is, in short, no showing of prejudice.

For these reasons[4] the decision of the District Court denying MaGee's petition for a writ of habeas corpus must be affirmed.

4. In his brief before this Court MaGee also appears to complain that at the second trial his appointed counsel, over his objections, entered a plea of not guilty because of insanity. In the petition for habeas corpus submitted to the District Court, however, MaGee mentioned that point, but explained that he was not arguing that the plea of insanity violated his rights. In addition, the reporter's transcript shows that the plea was subsequently withdrawn.